## ATTORNEY GENERAL *vs.* SUPREME COUNCIL AMERICAN LEGION OF HONOR.

Suffolk.   March 19, 20, 1907. — June 20, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Fraternal Beneficiary Corporation. Receiver. Judgment,* Of court of foreign jurisdiction. *Merger. Election. Contract. Accord and Satisfaction. Equity Pleading and Practice,* Decree.

A receiver was appointed in proceedings under R. L. c. 119, § 19, for the winding up of a fraternal beneficiary corporation and took possession of death and emergency funds held by the corporation under §§ 7, 8, of that chapter, and provision was made for the proof of claims to the fund before him.   There was no order authorizing the receiver to submit the determination of any claim to any court of another jurisdiction.   The beneficiary named in a certificate issued by the corporation to a member, who had died before the appointment of the receiver, after his appointment recovered a judgment against the corporation in a court of another State and sought to prove the judgment as such as a claim for the payment of its full amount out of the funds in the hands of the receiver. *Held,* that the judgment as such could not be proved, it being for the court which, through its receiver, had taken into its hands the assets of the corporation, and for that court alone, to determine who was entitled to payment from those assets and what amount should be paid.

Where the beneficiary named in a certificate issued by a fraternal beneficiary corporation doing business under R. L. c. 119 brought an action in a Federal court or in a court of another State against the corporation to establish his claim to a death benefit under the certificate, and recovered judgment, his claim to the benefit was not so merged in the judgment that such claim could not be proved and paid out of emergency and death benefit funds accumulated by the corporation under §§ 7, 8, of that chapter and in the hands of a receiver, who, in the meantime and before such judgment, had been appointed in this Commonwealth in proceedings to wind up the corporation under § 19.

*It seems,* that a judgment of a Federal court or of a court of another State for the plaintiff in an action by a beneficiary named in a certificate issued by a fraternal beneficiary corporation, doing business under the provisions of R. L. c. 119, against the corporation to establish the plaintiff's claim to benefits is provable as such against death and emergency funds accumulated by the corporation under §§ 7, 8, of that chapter, where such funds are in the hands of a receiver appointed in proceedings under § 19, provided such action reached final judgment before the date of the appointment of the receiver.

In proceedings under R. L. c. 119, § 19, to wind up the affairs of a fraternal beneficiary corporation, a receiver was appointed who took possession of death and emergency funds accumulated under §§ 7, 8, of that chapter.   After the appointment of the receiver, a beneficiary named in a certificate providing for a death benefit issued by the corporation recovered a judgment in a court of another State in an action against the corporation to establish his claim. *Held,* that

such beneficiary, by pursuing his action to judgment after the appointment of the receiver, had not waived his right to share in the funds in the hands of the receiver nor elected to look solely. to future assets of the corporation for satisfaction of his judgment.

A receiver was appointed in proceedings under R. L. c. 119, § 19, for the winding up of a fraternal beneficiary corporation and took possession of death and emergency funds accumulated by the corporation under §§ 7, 8, of that chapter, and there was provision for proof before him of claims under certificates of benefit insurance issued by the corporation. The beneficiary named in a death benefit certificate issued by the corporation recovered a judgment, after the appointment of the receiver, in an action in a court of another State brought against the corporation to establish his right to a death benefit. The judgment included interest and costs of court besides an amount awarded as the death benefit. *Held*, that so much of the claim on which the judgment was founded as appeared to the court which appointed the receiver to be due as a death benefit might be proved to be paid out of the fund in the possession of the receiver; and, *also*, that, if it should appear to such court that there had been a release or an accord and satisfaction or other matter of defence which could not be overcome on the ground of fraud or mistake or otherwise, such defence was effectual against proof of the claim, notwithstanding the judgment.

A fraternal beneficiary corporation doing business under R. L. c. 119, after issuing many membership and benefit certificates, adopted a new by-law providing that " no action at law or in equity, in any court, shall be brought or maintained on any cause or claim arising out of any membership or benefit certificate unless such action is brought within one year from the time when such action accrues." *Held*, that such by-law was invalid as to rights arising under membership or benefit certificates issued before it was adopted by the corporation.

The question whether a debt sought to be proved before a receiver appointed in proceedings under R. L. c. 119, § 19, to wind up the affairs of a fraternal beneficiary corporation, is barred by the provisions of a valid by-law of limitation of the corporation depends upon its status on the date of the sequestration decree.

A report of a single justice of this court, made after a hearing upon a report of a receiver of a fraternal beneficiary corporation appointed in proceedings under R. L. c. 119, § 19, to wind up the corporation, submitted to the full court the question whether, under New York law, there was an accord and satisfaction which prevented the proof of a claim under a certificate of benefit insurance issued by the corporation, where it appeared that there had been a dispute between the beneficiary named in the certificate and the corporation as to the amount due, that a representative of the corporation had handed to the attorney of the beneficiary a draft for a sum less than that claimed, that the attorney took the draft, saying to the representative of the corporation, " You must understand that we accept the draft as a payment on account only and do not waive our rights to the full amount," signed a receipt on the certificate stating that the amount received was " two fifths of the amount herein agreed to be paid, less five per cent," and, before signing at the end of the receipt a statement that the certificate was " surrendered . . . for cancellation," struck out the words " for cancellation." *Held*, that, under the law of New York, there was no accord and satisfaction.

Payment of a less sum in discharge of a greater is not at common law an accord and satisfaction.

Where the common law of another State is material, it is presumed, in the absence of proof to the contrary, to be the same as that of this Commonwealth.

A receiver appointed in proceedings under R. L. c. 119, § 19, for the winding up of the affairs of a fraternal beneficiary corporation, in which provision was made for proof, before the receiver, of claims made under the terms of benefit certificates issued by the corporation, took possession of death and emergency funds accumulated by the corporation under §§ 7, 8, of that chapter, and, without authority from the court appointing him, opposed the prosecution of an action brought against the corporation in another State to enforce a claim to a benefit under a certificate issued by the corporation, and a judgment was entered therein against the corporation. *Held*, that the court appointing the receiver, if it deemed it advisable, might enter an order *nunc pro tunc* submitting the question so litigated to the court where the action was brought and allowing the judgment so obtained to be proved before the receiver so far as it covered a death or disability benefit.

INFORMATION under R. L. c. 119, § 19, for the purpose of winding up the affairs of the defendant, a fraternal beneficiary corporation. The information was filed in the Supreme Judicial Court for the county of Suffolk and a receiver appointed August 12, 1904.

The receiver had been instructed to " notify beneficiaries under policies of deceased members whose death occurred prior to August 12, 1904, to prove their claims before him," and thereafter filed his third report upon which there was a hearing before *Hammond*, J., who reported matters contained therein and questions arising thereupon for consideration and determination by the full court.

The questions raised are with regard to claims under twenty-seven certificates issued by the defendant and providing for death benefits. The facts, other than those stated in the opinion, may be summarized as follows:

The defendant issued the twenty-seven certificates under which the claims in question were made before August, 1899. Each of twenty of them provided for the payment of a death benefit amounting to $5,000, six provided for a benefit of $3,000, and one for $2,000.

In August, 1899, the defendant adopted a new by-law, called in the opinion, " the by-law of limitation (No. 68)," and quoted there in full.

In August, 1900, the defendant adopted new by-laws numbered 55 and 72, which went into effect October 1, 1900. By-law 55 cut down the highest amount to be paid upon any benefit certificate theretofore issued by the defendant to $2,000. By-law

72 provided that five per cent should be deducted from the par value of every certificate for the formation of an emergency fund.

After the promulgation of by-laws numbered 55 and 72, the greater number of the members holding the certificates here in question ceased paying assessments as on a $5,000 certificate and thereafter paid assessments as on a $2,000 certificate, some, however, doing so under protest. One member named Williams tendered payment of an assessment as under a $5,000 certificate, and, tender being refused, for a time paid assessments as under a $2,000 certificate, and then refused further to do so and brought a suit against the defendant which was still pending in New York at the time of the receiver's third report, Williams having died while this suit was pending. Four surrendered their $5,000 certificates for cancellation and received $2,000 certificates instead. All excepting Williams believed that they were powerless to·do other than pay assessments according to the new by-laws.

On March 12, 1902, this court decided in *Newhall* v. *American Legion of Honor*, 181 Mass. 111, that by-laws numbered 55 and 72 were invalid.

Each of the members to which the twenty-seven certificates were issued died, some before and some after March 12, 1902, but all before the date of the filing of this information. In the cases of twenty-four of the certificates, payments of death benefits had been made by the defendant to the proper beneficiaries in sums representing the amount of the original certificate as reduced by the provisions of by-laws numbered 55 and 72. Some of these payments were made after the date of the decision in the case of *Newhall* v. *American Legion of Honor*. When such payments were made, the beneficiary in each of most of the cases, respectively, signed a statement on the certificate acknowledging receipt of the amount and stating that the certificate was surrendered for cancellation; in many cases releases in full of all demands were signed and delivered to the defendant by the beneficiaries. The facts as to the Mandeville case are stated in the opinion. In the Williams case, mentioned above, the defendant refused to pay anything, contending that the member was not in good standing at the time of his death. In the case

of the certificate of one Buttenklepper, negotiations of settlement were pending when the receiver was appointed, and no payment had been made, and no suit brought against the defendant. In the remaining case, there had been a compromise payment of $3,000 on a $5,000 certificate.

Before the appointment of the receiver, suits had been brought by the respective beneficiaries under all the certificates excepting that of Buttenklepper, some in State and some in Federal courts in the jurisdictions of which the beneficiaries who were plaintiffs therein resided. Some of the suits were brought before the lapse of the period of limitation fixed by by-law numbered 68, quoted above, and some after. In some of them, judgment had been entered for the plaintiff by default, service having been made on an officer of a local council of the order; in others, the defendant had contested, there had been a trial and judgment had been entered for the plaintiffs, and in others the suits were still pending. All of the judgments that were entered were entered after the appointment of the receiver.

In all of the suits the plaintiffs contended that the certificate holders, in surrendering their original certificates and taking new ones for a less amount (if such were the case), or in paying less assessments than were called for by the original certificates, had acted upon a mutual mistake of themselves and of the corporation, or upon a misrepresentation of facts by the corporation; and likewise that they, the beneficiaries, in making settlements or giving receipts or releases, acted upon such mutual mistakes or misrepresentations by the defendant, or had been defrauded by the defendant, or had acted under duress; and they claimed the balance still due according to the provisions of their original certificates.

In the claims as filed with the receiver, the beneficiaries respectively sought to be paid either the balances due them under the terms of their original certificates irrespective of the by-laws numbered 55 and 72, or the full amounts of judgments obtained by them, which included costs of suit and interest.

The only funds in the hands of the receiver when he filed his third report were emergency funds, to be used only for the payment of death and disability benefits.

The facts with regard to the " Skinner case," mentioned in

the opinion, were as follows: A certificate for $5,000 was issued by the defendant to one Skinner in 1885. After the adoption of by-laws numbered 55 and 72, he paid assessments as of a certificate for $2,000 under protest. He died in 1902, and the beneficiary named in the certificate accepted $2,000 thereon upon the belief that that sum was all that could be obtained under the contract with the respondent, and that if that sum was not accepted, she might not get anything. At that time the claimant, as a condition precedent to said payment, surrendered the certificate which she then held, upon the back of which she signed the receipt which stated that she had received of the representative of the respondent "the amount of the within benefit certificate," and also signed a writing which purported to be a release of all demands.

The specific questions submitted to this court by the report of the single justice, as well as other material facts, are stated in the opinion.

*J. J. Higgins*, (*A. L. Goodwin* with him,) for the American Legion of Honor and general claimants.

*J. C. Ivy*, (*C. S. Ensign, Jr.*, with him,) for the claimant Catherine T. Corfield.

*S. C. Bennett*, for certain claimants.

*L. G. Goodhart*, (of New York,) for the claimant Julia McCloskey.

*N. N. Jones*, for the claimant Catherine Buttenklepper.

*L. M. Friedman*, for the claimant Harry H. Kutner.

*R. G. McClung*, for Mary L. Blair.

*T. Spalding*, (*O. B. Schmidt* of New York with him,) for the claimants Tekla Hultberg and Thomas H. Williams.

LORING, J. 1. The first question reserved for our consideration is: " Are the judgments, as such, payable out of the only fund held by the receiver, to wit, the trust fund held under sections 7 and 8 of said chapter 119 of the Revised Laws?"

The first difficulty which we have in answering this question is that these judgments as such would not be payable by the receiver out of any funds in his hands.

By the decree dated August 12, 1904, this court, acting under R. L. c. 119, § 19, adjudged that the further continuance of business by the defendant corporation was hazardous to the public

and to its certificate holders ; and it took possession of the funds of the defendant corporation for the purpose of distributing its assets among its creditors and of closing its affairs. . This had no direct effect on pending actions. It had, however, this indirect effect upon them. If the plaintiff in such an action wanted a judgment against the defendant corporation for some purpose other than a right to share in the assets sequestrated by and in the hands of this court, he could go on with his action. But if he wished to establish his right to share in the assets in the possession of this court the further prosecution of that action would not help him. To establish that right he had to prove his claim in this court or get an order from this court that a judgment in the action in the foreign court should establish his right to share in the assets here. It is for the court which has taken the assets of an insolvent into its hands for distribution and for that court alone to determine who its creditors are and what is due to them respectively.

As we have said, it may in its discretion leave that issue to be determined by another court. Lowell, Bankruptcy, § 209. But in the absence of an order to that effect the subsequent judgment binds the insolvent but not the assignee or receiver of the assets of the insolvent as representative of the insolvent's general creditors.

In the case at bar no order has been made authorizing the receiver to submit to courts of other jurisdictions the question whether the petitioners now before us were creditors of the defendant corporation.

These judgments do not affect the receiver, and these judgments as such cannot be proved against the funds in the hands of this court through its receiver.

2. The second question is as follows : " May such judgments be so modified by stipulation that only a part thereof is claimed, and still be entitled to the full faith and credit appertaining to judgments ? "

As we have already pointed out, these judgments are not judgments between the plaintiffs and the receiver representing the general creditors in the distribution of their assets, but judgments between the plaintiffs and the defendant corporation itself as distinguished from the receiver of its assets. As judgments

between the petitioners and the defendant corporation as distinguished from the receiver of its assets they are entitled to full faith and credit under the Constitution of the United States.

The receiver has made the contention that the claims of the several plaintiffs have been merged in these judgments and hence no longer exist as claims, and therefore that it is not open to these petitioners to ask this court to examine into the validity of the claims on which the judgments are founded and to allow as a debt due from the defendant so much of the several judgments as represents a valid claim for a debt or disability benefit.

The cases in this Commonwealth have gone very far in holding that a debt is merged in the judgment founded thereon. *Sampson* v. *Clark*, 2 Cush. 173. *Bangs* v. *Watson*, 9 Gray, 211. *Wolcott* v. *Hodge*, 15 Gray, 547. *Handrahan* v. *Cheshire Iron Works*, 4 Allen, 396. A like result has been reached where a negotiable note has been given for a debt for necessaries not barred by an insolvency discharge. *Rindge* v. *Breck*, 10 Cush. 43. *Light* v. *Merriam*, 132 Mass. 283 (as to which see *Tallant* v. *Stedman*, 176 Mass. 460, 466).

This doctrine of merger has not received the approval of the Supreme Court of the United States. *Boynton* v. *Ball*, 121 U. S. 457, 465, *et seq.* See also *McDonald* v. *Davis*, 105 N. Y. 508; *Wisconsin* v. *Pelican Ins. Co.* 127 U. S. 265, 292; *Huntington* v. *Attrill*, 146 U. S. 657, 671; *Andrews* v. *Andrews*, 188 U. S. 14, 37; *Evans* v. *Sprigg*, 2 Md. 457.

In the recent case of *Savage* v. *Shaw,* 195 Mass. 571, the converse of the proposition arose, and this court held that it would look behind the judgment to the claim on which it was founded, to determine whether it was or was not a debt. See also in this connection *Haggerty* v. *Amory*, 7 Allen, 458, 459; *Choteau* v. *Richardson*, 12 Allen, 365; *Murphy* v. *Manning*, 134 Mass. 488.

In our opinion the doctrine of *Sampson* v. *Clark* and similar cases does not apply to the case now before us.

When the defendant corporation denied the right of a beneficiary residing in another State to recover more than $1,900 under a certificate originally issued for $5,000, on the ground that by-laws 55 and 72 were valid and binding on the certificate holder, what was he to do? The first thing he had to do was to

establish his right to a benefit of $5,000 in place of a benefit of $1,900. When he had done that, that is to say, when he had obtained judgment for that amount, it became the duty of the defendant corporation to pay that judgment, or so much thereof as represented the death benefit, out of the emergency fund if there were not general assets of the corporation applicable thereto. The corporation recognized that duty by this provision in its by-law numbered 53: "But it shall be lawful to pay out of said fund the amount of any judgment obtained against the Supreme Council upon a benefit certificate." If the corporation did not do what it ought to have done the plaintiff's remedy was to file a bill in equity to procure payment out of the emergency fund. See *Palmer* v. *Northern Relief Association*, 175 Mass. 396, 398.

It follows that if these actions had gone to final judgment before August 12, 1904, they would have been entitled to full faith and credit under the Constitution of the United States, and would have been provable as such against the emergency fund now in the hands of this court.

The real objection to the proof of these death benefits is that they have gone to judgment since the date of the sequestration of the funds by this court, and that by reducing the several demands to a judgment against the corporation the petitioners have elected not to prove them against the assets in the possession of this court. See in this connection Lowell, Bankruptcy, § 451.

Where the bankrupt is an individual who after his bankruptcy may acquire new assets, it may well be the object of a creditor pressing for judgment after the adjudication of bankruptcy to look to the future assets of the bankrupt, hoping that in such a case he can hold the defendant in case he has not pleaded his discharge on the ground that by not pleading it he intended to waive it, a point not directly considered in *Boynton* v. *Ball*, 121 U. S. 457. But that could not have been the intention of the petitioners here. In a case like this, where the defendant corporation has come to an end in every way and for all purposes the subsequent judgment cannot be taken to have been an election to look to the future property of the corporation.

In answer to the second question we are of opinion that so

much of the claim on which these judgments are founded as appears to this court to be due to the petitioner for a death or disability benefit (if anything appears to be due) may be proved to be paid out of the emergency fund in the possession of the receiver.

3. This answers the third question, to wit, (c): " Assuming that said judgments are not to be proved, as such, and are not entitled to be classed and paid as death claims in accordance with the prior decree of this court in this cause, are the claims as herein set out of such a character as to warrant their allowance as being equitably entitled to a participation in a division of the said assets now in the possession of the receiver? "

4. The fourth question reserved for our consideration is as follows: " Is the fact that most of the suits upon which the judgments above noted were obtained were instituted after the period of time named in the by-law of limitation (No. 68) now open for consideration upon the question of the allowance of the claims, either in the form of judgments, as aforesaid, or under request numbered (c)? "

All but four of the certificates here in question were issued before August, 1899, when by-law 68, promulgated on October 25, 1899, was adopted. That by-law provided that: " No action at law or in equity, in any court, shall be brought or maintained on any cause or claim arising out of any membership or benefit certificate, unless such action is brought within one year from the time when such action accrues. Such right of action shall accrue ninety days after all proofs called for, in case of a death of a member, shall have been furnished. In all cases where no proof of death has been furnished by a beneficiary, as required within twelve months after such death, all claims that might have been made shall be regarded as abandoned, and no proof shall thereafter be received or any claim made thereon."

It is not now necessary to consider whether as matter of construction this by-law covers an action the effect of which is (1) to get rid of paying assessments levied on a $2,000 certificate ; (2) to avoid the effect of release; and (3) of the surrender of the certificate for cancellation on payment of the $1,900, and to recover the difference between $1,900 (the sum paid on the ground that by-laws 55 and 72 were valid) and $5,000 (the

sum named in the original certificate), for we are of opinion that this by-law is invalid as against certificates issued before it was promulgated. See *Butler* v. *American Legion of Honor*, 186 N. Y. 514, affirming *S. C.* 105 App. Div. 164.

This by-law does not undertake to deal with the duties of the member during his membership, as in *Reynolds* v. *Royal Arcanum*, 192 Mass. 150, but with the contract rights between the beneficiary and the company after his decease, and so comes within *Newhall* v. *American Legion of Honor*, 181 Mass. 111.

There are four cases where certificates bear date after the adoption of by-law 68, although the members joined the order originally before that date and afterwards exchanged their certificates for a certificate which contained this by-law. Assuming as matter of construction that by-law 68 covers such a suit, the question whether the by-law is or is not binding on these petitioners depends upon the question whether these four members did or did not assent to the new by-law as matter of contract. That question is not now before us.

In general, whether a debt sought to be proved is or is not barred by time depends upon its status on August 12, 1904, the date of the decree of this court sequestrating the assets of the defendant corporation. Lowell, Bankruptcy, §§ 205, 211.

The case. of *American Legion of Honor* v. *McAlarney*, 135 Fed. Rep. 72, relied on by the receiver, does not bear on the questions before us. The member there sought to disaffirm his contract, while here the petitioner seeks to recover the full amount named in the certificate by getting the court to set aside releases and the exchange for certificates in the new form.

It follows that a decretal order should be entered directing the receiver to pay so much of the claims on which judgments have been recovered since August 12, 1904, as represents a death or disability benefit, provided such benefits were then due to the petitioners at law or in equity.

5. The fifth question is as follows: " Do not the facts in some of the cases as set out in the said receiver's third report constitute an accord and satisfaction, and, if so, may that matter now be considered upon the question of the allowance of the claims, either in the form of judgments, as aforesaid, or under request numbered (c) ? "

If there has been an accord and satisfaction or a release or other matter of defence which the petitioner in question cannot get rid of on the ground of fraud or mistake or otherwise, that defence can be set up now and the claim cannot be proved.

The single justice in his discretion has reserved one further question for our consideration, namely, whether " the facts in some of the cases as set out in the receiver's third report constitute an accord and satisfaction." We proceed to answer that question in two of the cases referred to in the receiver's report.

The first case we take up is the Mandeville case. This case is dealt with separately in the report of the single justice. The single justice finds the facts and reports to the court this single question, namely: " Whether under the laws of the State of New York there was an accord and satisfaction."

Under these circumstances we answer this question without deciding whether it is decisive of the right of the beneficiary to prove. We do not intimate any opinion on the question of what the effect is of the fact that " From the date of the passage of by-law No. 55 to the date of his death, Mandeville paid assessments as upon a certificate of $2000 instead of upon a certificate of $5000."

In our opinion under the law of the State of New York there was no accord and satisfaction in this case. The petitioner's attorney in accepting the $1,000 " said, in substance, ' you must understand that we accept the draft as a payment on account only and do not waive our rights to the full amount.' " Further, he signed a receipt that the amount received was " two fifths of the amount herein agreed to be paid, less five per cent," and the words " for cancellation " were stricken through at the end of the receipt that " This certificate is hereby surrendered to the Supreme Council of the American Legion of Honor for cancellation." The case comes within *Komp* v. *Raymond*, 175 N. Y. 102, and not within *Simons* v. *American Legion of Honor*, 178 N. Y. 263.

The other case is the Skinner case. The sole question reported for our consideration is whether in this case there was an accord and satisfaction. We are of opinion that there was not. Payment of a less sum in discharge of a greater is not

at common law an accord and satisfaction. *Tyler* v. *Odd Fellows' Relief Association,* 145 Mass. 134. The common law of Texas, in the absence of proof, is presumed to be the same as that of this Commonwealth. *Kelley* v. *Kelley,* 161 Mass. 111, 114. *Cherry* v. *Sprague,* 187 Mass. 113. We have not been asked to decide whether there was a release of this claim.

Whether the fact that the member paid assessments on a $2,000 certificate after October, 1900, is a bar to the beneficiary named in that certificate recovering the larger sum, and whether the surrender of a certificate for cancellation is a bar and, if they are, whether the effect of these matters or the effect of a release where one was given can be got rid of on the ground of a mutual mistake as to the validity of by-laws 55 and 72, are matters not now before the court.

If it is the fact that the receiver has in fact (although not authorized so to do) contested one or more of these twenty-seven claims in the courts of another State to final judgment, there is nothing to prevent this court from entering an order *nunc pro tunc* submitting the question so litigated to that court and allowing the judgment so obtained to be proved so far as it covers a death or a disability benefit.

*Decree accordingly.*