*In re* E. BEMENT'S SONS.

APPEAL OF STATE BANK OF MICHIGAN.

1. CORPORATIONS—INSOLVENCY—RECEIVERS—DIVIDENDS—CLAIMS—TREATMENT IN SOLIDO.

   Where the claim of a creditor of an insolvent corporation is represented by several notes, each of which is secured by a schedule of assigned accounts upon which collections have been made in varying amounts, the entire claim should be treated by the receiver as a single demand and dividends declared thereon, and applied in reduction of the demand until the dividends, plus the sum received from collateral, extinguish the debt, principal and interest.

2. SAME — NOTES — COLLATERAL SECURITY — ASSIGNMENT — CONSTRUCTION.

   Where a corporation gave a number of promissory notes, each secured by an assignment of accounts, scheduled, aggregating in face value a sum somewhat in excess of the amount of the note, the assignment stating that its purpose was, first, to pay the note, and the balance to apply on any other valid claim, remainder to be returned, there is nothing in the assignment to support the claim that the creditor agreed to forego any interest in the general estate of the debtor.

3. SAME—INTEREST—COLLATERAL.

   Though for the purpose of calculating dividends upon claims against the estate of an insolvent, interest stops at the date fixed for proving claims, a creditor who makes collections from collateral security is entitled to apply the moneys so received in payment of interest until the collections, plus the dividends, pay his entire claim, principal and interest.

Appeal from Ingham; Wiest, J.   Submitted October 24, 1907.   (Docket Nos. 121, 122.)   Decided December 30, 1907.

Petition by the board of directors of E. Bement's Sons for the voluntary dissolution of said corporation: On petition of the Detroit Trust Company, receiver, a refer-

ence to a commissioner was made. From an order over-ruling exceptions · to the report of the commissioner, the State Bank of Michigan and the Old National Bank of Grand Rapids appeal. Reversed.

*Bundy, Travis & Merrick,* for appellants.
*Edward Cahill,* for appellee.

The proceeding is one to wind up the affairs of an insolvent corporation, voluntarily dissolved, in the course of which the Detroit Trust Company was appointed receiver. By a stipulation of counsel, the appeals of the State Bank of Michigan and of the Old National Bank, creditors of said corporation, from an order overruling exceptions to the report of a commissioner, were consolidated and heard as one appeal, the record containing only the case of the first-named appellant. A reference to a commissioner was made, upon the petition of the receiver, to ascertain and report the basis for and the amounts upon which a dividend should be declared. The commissioner reported October 24, 1904, as the date for proving claims and the date to which interest, as against the general assets in the hands of the receiver, should be computed. On October 24, 1904, the State Bank of Michigan was owner and holder of seven promissory notes made by the insolvent, each for the sum of $5,000, payable on demand with interest at six per cent. per annum. The total debt with interest to the date specified was $35,034.98. Each note was secured by an assignment of accounts, scheduled, aggregating in face value, approximately, $6,000. The assignments of collateral are worded as follows:

"The above schedule represents certain accounts which we, the undersigned, have this day assigned to the State Bank of Michigan. * * * These accounts are assigned * * * *first,* to pay a demand note of $5,000, dated * * * and the balance, after paying said note, to apply to the liquidation of any other valid claim of the State Bank of Michigan against us; the remainder, if any, to be returned."

Between October 24, 1904, and the date of the commissioner's report, various of these assigned accounts had been collected. The total of the sums received from collateral as per the respective schedules was, $4,387.29, $3,502.63, $4,333.50, $1,464.53, $2,658.97, $3,548.13, $2,907.84, in all $22,802.89. The commissioner, treating each note as a distinct claim or demand, reported the unpaid balance thereof, after applying the collections. Assuming the notes to be numbered from one to seven, he found there remained due upon note number one, after applying the proceeds of collateral, $621.04, and determined that dividends should be allowed and paid, upon note number one, upon the sum of $5,008.33 (the amount due October 24, 1904) to an amount not exceeding $621.04; the determination as to each of the other notes is a variation only of the one relating to note number one. By exceptions to the report, appellant asserted that it was error (1) to deny it the right to recover interest, after October 24, 1904, from dividends and collateral combined; (2) that it should not be required to treat each note as a separate demand and basis for dividends, to first apply collections made from the collateral in reduction of the principal and to receive dividends restricted to the remainder of the principal of each note. The exceptions were overruled and an order entered confirming the report. It was the opinion of the circuit court that:

"The assignments of collateral for the payment of specific notes must be given force and effect before going to the so-called general assignment. Effect must be given to the agreement of the parties and this can only be done by applying the collateral in the order agreed upon by the parties, and that is by recourse to the special assignments before calling up the general assignment."

OSTRANDER, J. (*after stating the facts*). The disagreement of counsel as to the application here of the rule that the creditor may have dividends only upon the amount of the claim as proved, but may, out of any separate estate, held as security, realize any balance of prin-

cipal unpaid by dividends and, also, interest upon such principal, does not require, in view of our determination of the principal question presented, any comment beyond this: The commissioner has not, in his computation, in which he applies the total sum received from collateral to the amount of the demand as proved, recognized or given any force to the rule. In other respects, the commissioner recognized and applied the rules followed in *Third Nat. Bank of Detroit* v. *Haug*, 82 Mich. 607 (11 L. R. A. 327); *Chemical Nat. Bank* v. *Armstrong*, 59 Fed. 372, 8 C. C. A. 155 (28 L. R. A. 231); *People* v. *E. Remington & Sons*, 121 N. Y. 334 (8 L. R. A. 458); *In re Bates*, 118 Ill. 524; *Graeff's Appeal*, 79 Pa. 146; *Merrill* v. *National Bank of Jacksonville*, 173 U. S. 131, and many other like cases, if we are to consider, as upon the part of the receiver it is insisted we should do, each of the seven notes as a single demand; as if there were seven creditors, each owning a single note, instead of a single creditor owning seven notes. He did not properly apply those rules if appellant is entitled, as it contends that it is, to have dividends upon its entire demand as proved applied in reduction of the demand until the dividends, plus the sum received from collateral, extinguishes the debt, principal and interest. The argument made for the receiver, and the opinion rendered by the court, each proceeds upon the theory that only by treating each note as evidence of a separate debt can the arrangement concerning the collateral be given the effect intended by the parties and imported by the instrument of assignment; that particular collateral is, by the agreement, devoted to the security of a particular note, and when collected must be applied in payment thereof, and when paid, either by collateral or by dividends, apportioned to the particular note, the debt evidenced by the note is extinguished.

In thus stating the position of the receiver, we assume that if appellant had no security for its debt, or if the collateral had been assigned to secure indebtedness generally,

it would be conceded, under the rule of the cases herein cited, that the commissioner should so amend his report as to merely provide for a dividend upon the demand as proven.

The insolvent, when its assets were impounded, owed the appellant upwards of $35,000, evidenced by seven notes, which might have been theretofore, regardless of the fact that security had been given, enforced against the maker as a single demand. Nothing appears to be better settled by the decisions than that the effect, upon the creditor, of the taking over by the receiver of the general assets of the debtor is to substitute for the right of action, in personam, theretofore existing, a right to a proportional share of the impounded assets—a right to receive such a part thereof as its total, proved, demand bears to the total of all demands, unaffected by the fact that it holds security for a part or for all of its debt. The application of the rule contended for by appellant is that dividends should be computed and paid upon $35,034.98; as applied by the commissioner, each $5,000 note is made the basis for computation and payment. In practical effect, there would be no difference if the commissioner had stopped here; if he had not, as to each note, applied the collateral collected and limited the payment of the dividend to the amount of the principal remaining due after such application. It is clear that this method remits the creditor to the collateral and denies to him a share in the general assets proportioned to his entire demand. Counsel for the receiver says, in effect, that this is what the parties agreed to. We are unable to find in the form of the assignments of collateral, or in the conduct of the parties, evidence to support the idea that the creditor ever released, or agreed to forego or to waive, any interest in the general estate of the debtor. No authorities are produced, and we think no good reasons have been advanced, to support the application of the rule which has been made. Nor would it make any difference if particular evidences of indebtedness, constituting a

part of the total demand as proved, were otherwise, and for other purposes, extinguished. *Graeff's Appeal*, supra. Before a receiver was appointed, all of the general assets of the debtor and all of the assigned collateral was a fund to be resorted to for payment of the entire demand. There has been no change except this: The debtor may now receive out of the general assets no more than his proportional share. Until the debt is paid, in full, principal and interest, the creditor is entitled to such dividends as may be declared upon the total of the debt as proved. It is entirely immaterial to the receiver in what manner proceeds of collateral are applied, to the point when the sum of the dividends and of collateral collected has extinguished the entire debt, principal and interest. It follows that the court below was in error in overruling the first and second exceptions to the report. An order may be entered in this court in conformity with this opinion in favor of each party appealing and remanding the record for further proceedings. Appellants will recover costs of this appeal.

CARPENTER, GRANT, BLAIR, and HOOKER, JJ., concurred.