GENERAL ELECTRIC COMPANY, a corporation of the State of New York,

*vs.*

PENN HEAT CONTROL COMPANY, a dissolved corporation of the State of Delaware.

*New Castle, April 12, 1935.*

390

*Caleb S. Layton,* of the firm of Richards, Layton & Finger, for Franklin Control Company.

*Christopher L. Ward, Jr.,* and *Josiah Marvel, Jr.,* of the firm of Marvel, Morford, Ward & Logan, for General Electric Company.

THE CHANCELLOR: The claim of General Electric Company is based on an open account, on promissory notes and on breaches of contracts for the manufacture of certain heat control devices on the order and for the account of the defendant.

Franklin Control Company, a preferred stockholder of

the defendant, asked and obtained leave to file on behalf of the defendant company exceptions to the claim of General Electric Company and a counterclaim. No objection has been interposed to the filing of the exceptions.

But General Electric Company does object to and has moved to strike out the counter-claim filed against it. One of the grounds of the motion is that leave should have been but was not obtained from the Chancellor to file the counterclaim. I do not understand why this point is made, because the record shows that, the receiver consenting, leave was asked for and obtained.

The nature and character of the claimant's claim has been stated. It sounds in contract. The character of the counterclaim sounds in tort. It charges the defendant with having purposely ruined the business of the defendant with the tortious design not only of killing it off as a potential competitor but as well of appropriating to itself without paying therefor the inventions which the defendant owned. Large damages are alleged to have been occasioned to the defendant by the claimant's alleged wrongful conduct in this regard. The amount thereof is not stated. The counterclaim alleges that the amount of the damages can be ascertained only by an accounting from the claimant, which is prayed for by way of cross-relief. The counterclaim also prays for a subpoena.

Neither a receiver of a corporation in liquidation nor a stockholder in behalf of such a corporation should be allowed to answer a claim filed by an alleged creditor by filing a counterclaim which seeks affirmative relief against the claimant. A counterclaim cannot be made thus to serve the function of a cross-bill in equity.

The filing of a claim in a liquidating receivership is not the equivalent of instituting a suit in equity (*International Banking Corp. v. Lynch*, [*C. C. A.*] 269 *F.* 242, 246), and since that is so the equivalent of a cross-bill for affirmative relief should not be allowed to be filed against it. A judgment or decree rendered against a claimant by way

of cross-relief as an incident to opposing his claim would be improper. No practice in this jurisdiction warrants it. All the authority elsewhere to which my attention has been called opposes it. *Youtsey v. Hoffman,* (*C. C.*) 108 *F.* 693; *Guaranty Trust Co. of N. Y. v. Daniel,* (*C. C. A.*) 49 *F.* (2*d*) 866.

The party filing the counterclaim appears to consider that because the claimant was the original complainant in the bill on which the receiver was appointed, it would be entirely proper to permit the counterclaim to be filed and made the basis of an affirmative cross-decree. This contention proceeds on the assumption that it would have been proper for the defendant corporation, when the General Electric Company, alleging itself to be a creditor, filed its bill for the appointment of a receiver, to have filed a cross-bill and prayed for the identical cross-relief which now is sought to be obtained against the General Electric Company as a claimant.

The assumption is an erroneous one. The original bill was a class bill which might have been brought by any stockholder or creditor. *Section 43, General Corporation Law.* It sought no relief personal to the complainant. What it sought was the appointment of a receiver to wind up the business of the defendant corporation and to administer its corporate assets for the benefit of all parties in interest. A cross-bill which sought to obtain against the complainant a personal decree for the payment of money would not have been germane to such a bill.

The motion to strike out all that portion of the exceptions appearing under the heading of "counterclaim" will be granted.

Order accordingly.