MARTIN G. HANNIGAN *v.* ITALO PETROLEUM CORPORATION OF AMERICA, a corporation of the State of Delaware.

182 

(*September* 19, 1935.)

HARRINGTON, RICHARDS and REINHARDT, J. J., sitting.

*John Biggs, Jr.,* and *Stewart Lynch* for plaintiff.

*Ivàn Culbertson* (of the office of Hugh M. Morris) for defendant.

Superior Court for New Castle County, No. 105, January Term, 1935.

HARRINGTON, J., delivering the opinion of the Court:

 The fifth plea, as amended, is based on the existence of an alleged champertous bargain between the beneficial owners of the notes sued on and one L. J. Byers, whereby they assigned all of their interests in such notes

to Byers. It appears, however, that Byers was a mere volunteer, and had no previous interest in those notes.

It is, also, alleged that, in consideration of such assignment, Byers agreed to bring suit on the notes in question, to pay the expenses of that suit, and if he procured judgment in that action to pay a certain portion of the amount recovered thereon to his assignor; but Hannigan, and not Byers, is the plaintiff in the action.

This plea now further alleges "that in pursuance and in performance of the said agreement, the said L. J. Byers caused the above entitled cause of action to be brought in this court by and through his agent or nominee, Martin G. Hannigan, and procured the assignment or endorsement of the said instruments sued upon to the said plaintiff by the permitting the said agent or nominee of L. J. Byers to said Fred Shingle, Syndicate Manager, for the purpose of bring the within cause of action."

It, therefore, appears that the champertous agreement of Byers was the very basis of the plaintiff's claim. *Hannigan v. Italo-Petroleum Corporation of America*, 6 *W. W. Harr.* (36 *Del.*) 442, 178 *A.* 589; *Gibson v. Gillespie*, 4 *W. W. Harr.* (34 *Del.*) 331, 152 *A.* 589.

The eighth plea, in substance, alleges that a receiver was appointed for the defendant company by a District Court of the United States in Southern California, and that prior to the commencement of this action Shingle, Syndicate Manager, the plaintiff's assignor, and the payee in the notes sued on in this action, filed a claim on them in the receivership proceedings then pending, and that he thereby conclusively elected to pursue his claim in that proceeding, and can not prosecute this action.

That plea further alleges that the plaintiff is not a holder of such notes in due course.

A creditor is entitled to but one satisfaction, but, in most cases, he may use all possible remedies for the collection of his debt. *Phila. Nat. Bank v. New Jersey Fidelity & Plate Glass Ins. Co.,* 7 *W. W. Harr.* (37 *Del.*) 174, 181 *A.* 1; 2 *Woolley's Del. Pract.* 671.

There are cases where a particular remedy is barred by an election of the plaintiff because of some prior action or proceeding taken by him, but a defendant who relies on such a prior election must clearly bring himself within the rule.

Broadly speaking, an election of remedies is the voluntary choice by a party to an action of one or more co-existing, but necessarily inconsistent and repugnant remedial rights growing out of the same known facts; and, as we have already said, when he has two or more concurrent and consistent remedies, he may prosecute one or all of them to satisfaction. *Verder v. American Loan Society,* 1 *Cal.* (2d) 17, 32 *P.* (2d) 1081; *Lowrey v. Schroeder,* 190 *Iowa* 459, 180 *N. W.* 145; 20 *C. J.* 236; 9 *R. C. L.* 959.

In considering this rule, the court, in *Lowrey v. Schroeder,* 190 *Iowa* 459, 180 *N. W.* 145, *supra,* said:

"A man may not take two contradictory positions, and when he has * * * two modes of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge, or means of knowledge, of such facts as would authorize a resort to each, will preclude him from thereafter going back and electing again."

In fact, the doctrine of election is generally regarded as an application of, at least, some of the general principles of the law of estoppel. *Verder v. Amer. Loan Soc.,* 1 *Cal.*

(2d) 17, 32 *P.* (2d) 1081; *Ex Parte Hernlen,* 156 *S. C.* 181, 153 *S. E.* 133, 69 *A. L. R.* 443; 20 *C. J.* 4.

■ A receiver is an agent appointed by the court to take charge of, conserve, and, in most cases, to administer the then assets of a corporation; and his appointment is for the benefit of all interested parties, including those who may ultimately establish rights in the case. *Jersawit v. Banning,* 2 *W. W. Harr.* (32 *Del.*) 47, 118 *A.* 727.

■ The effect of filing a claim with a receiver is, however, merely to give notice of such claim, and it is not equivalent to a pleading in the case in which he is appointed. *International Banking Corporation v. Lynch* (*C. C. A.*), 269 *F.* 242; 1 *Clark on Receivers,* 916.

■ Applying these rules to this case, no such inconsistency of position, as is necessary to constitute an election of remedies and to preclude this action, is shown by the mere allegation that Shingle, as Syndicate Manager, the plaintiff's assignor, in an effort to collect the notes sued on and payable to him, filed a claim on them with H. Clay Carpenter, who was the receiver of the defendant company, in a receivership cause entitled *Hickey Pipe & Supply Co. et al. v. Italo-Petroleum Corporation of America. Phila. Nat. Bank v. N. J. Fidelity & Plate Glass Ins. Co.,* 7 *W. W. Harr.* (37 *Del.*) 174, 181 *A.* 1, recently decided by this court, seems decisive of that question. See, also, *Ex Parte Hernlen,* 156 *S. C.* 181, 153 *S. E.* 133, 136, 69 *A. L. R.* 443; *Mathewson v. Colpitts,* 284 *Mass.* 581, 188 *N. E.* 601; 69 *A. L. R.* 460, Note.

In *Ex Parte Hernlen, supra,* the court, in considering the rights of a depositor in a closed bank, said:

"She had and has the right to pursue every remedy open to her for the collection of the amount due her. * * * She could sue

the stockholders, she could sue the directors, and she could file her claim as a depositor, and resort to any other means of reimbursing herself, subject only to an estoppel arising in the event that she did anything amounting to a waiver of her present claim, and to her discontinuing all other proceedings when in any one of such proceedings she obtains payment. The remedies invoked by her in the respects indicated would not be inconsistent. In all of them she would be merely seeking to recoup her loss."

None of the cases cited by the defendant company, in support of this plea (*Equit. Trust Co. v. Conn. Brass, etc., Corp. (D. C.)*, 6 *F.* (2d) 582; *Cont. Oil Co. v. Amer. Co-Op. Asso.*, 31 *Wyo.* 433, 228 *P.* 503; *Davenport v. Walker*, 132 *App. Div.* 96, 116 *N. Y. S.* 411; *Mercantile Realty Co. v. Stetson*, 120 *Iowa* 324, 94 *N. W.* 859) are inconsistent with this conclusion.

The same is, also, true of the statement quoted from 1 *Clark on Receivers*, 915, so strongly relied on by the defendant company. See, also, 1 *Clark on Receivers*, 916.

The ninth plea, in substance, alleges:

1. That on December 13th, 1930, one H. Clay Carpenter was appointed receiver for the defendant company, and of all of its property, wherever situated, by the District Court of the United States for the Southern District of California, Central Division.

2. That pursuant to the order of that court, made June 4th, 1931, requiring all creditors "having claims, of whatsoever nature," to file them on or before July 15th, 1931, Fred Shingle, Syndicate Manager, did on July 14th, 1931, file his claim in that proceeding on the identical notes sued on in this action.

3. That on or about August 27th, 1931, Carpenter, the receiver of the defendant company, disallowed the said claim of Fred Shingle, Syndicate Manager, "and gave to the said claimant written notice of the rejection and dis-

allowance of his said claim; such rejection and disallowance being based on the contention that the said Fred Shingle, Syndicate Manager, had no valid claim against Italo-Petroleum Corporation of America by reason of said promissory notes. That thereafter the said United States District Court for the Southern District of California * * *duly entered its order confirming the act of the said Receiver in rejecting the claim of Fred Shingle, Syndicate Manager."

4. That the plaintiff was the assignee or endorsee of such notes after maturity, and was not a holder in due course or for value.

Substantially the same allegations appear in the sixth plea, but with the additional allegations:

1. That Shingle, Syndicate Manager, failed to contest the rejection of his said purported claim by the receiver, or the confirmation of his action by the court; nor did he appeal from the action of the court "or take any steps, whatsoever, to set aside either the rejection or confirmation thereof."

2. That the defendant company subsequently undertook a plan of corporate organization, which was premised on the fact that all valid and subsisting claims, or causes of action against it, had been determined by the action of the said United States District Court of California, in taking "definite action of the acts of Clay Carpenter, Receiver, in allowing or disallowing or rejecting claims filed by creditors, pursuant to the said order of the United States Court, dated June 4th, 1931, and the failure of purported creditors whose claims had been rejected to set aside such rejection."

3. That, relying on these facts, the defendant company borrowed $460,000 for the purpose of liquidating the claims of bona fide creditors of that company, as determined in

the said receivership proceedings, and that prior to the borrowing of the said sum of $460,000 Shingle, Syndicate Manager, knew of the intent of that company to borrow that sum, in reliance on the amount of creditors' claims, determined in the receivership proceedings "including the rejection and disallowance of the claims therein filed by him."

4. That Shingle took no further steps, whatever, to establish his said claim, and accepted the act of the said receiver in rejecting the same and of the said court in confirming said rejection, and "thereupon admitted and acknowledged that he had no bona fide claim of any nature whatever against the defendant herein."

5. That the defendant herein "acted and relied upon the said admission and acknowledgment of Fred Shingle, Syndicate Manager, in borrowing the said sum of $460,000, and reorganizing the said company."

When the particular question before the court, whether it be of law or of fact, has been litigated and determined in a prior judicial proceeding between the same parties, both such parties and their privies are bound thereby. *Williams v. Daisey,* 7 *W. W. Harr.* (37 *Del.*) 161, 180 *A.* 908.

This rule usually applies, though the order made in the prior proceeding is not in the precise form of a judgment. *Hargadine-McKittrick Dry Goods Co. v. Hudson* (*C. C.*), 111 *F.* 361; *Southern Planing, etc., Co. v. Doerhoefer's Ex'r* (*Ky.*), 78 *S. W.* 882; 2 *Freeman on Judg.* (5th Ed.) 1755; *Herman on Estoppel & Res. Jud.,* 41; 34 *C. J.* 762.

The defendant, citing *Glenn on Liquidation,* 431, contends that this rule does not apply, however, to an order

rejecting a claim filed with a receiver, but it is not necessary for us to consider that question.

The very foundation of the doctrine of *res judicata,* or estoppel by judgment, is that both parties have had their day in court, and that rule is not applicable to an *ex parte* proceeding. *U. S. v. Leles (D. C.),* 236 *F.* 784; *Kealoha v. Castle,* 210 *U. S.* 149, 28 *S. Ct.* 684, 52 *L. Ed.* 998; *Mohawk Oil Co. v. Layne (D. C.),* 270 *F.* 841; *Johannessen v. U. S.,* 225 *U. S.* 227, 32 *S. Ct.* 613, 56 *L. Ed.* 1066; 2 *Freeman on Judg.* (*5th Ed.*), § 666. See, also, *Coca-Cola Co. v. Pepsi-Cola Co.,* 6 *W. W. Harr.* (*36 Del.*) 124, 172 *A.* 260.

The ninth plea, among other things, alleges that Shingle, Syndicate Manager, filed a claim, based on the notes sued on, in the United States District Court in California, in which the receivership proceedings against the defendant company were then pending.

It, also, alleges that Carpenter, the receiver, rejected and disallowed that claim, and gave Shingle, as Syndicate Manager, the plaintiff's assignor, written notice to that effect, and that he had no valid claim against the defendant company on such notes.

It further alleges that the United States District Court in question subsequently entered an order rejecting the claim of Shingle, as Syndicate Manager, on such notes.

As we have already said, the filing of a claim with a receiver merely gives notice of it, and is not equivalent to a pleading or to an intervention in the receivership action. *International Banking Corp. v. Lynch (C. C. A.),* 269 *F.* 242; 1 *Clark on Receivers* (*2d Ed.*) 916; *Lucey Mfg. Corp. v. Morlan (C. C. A.),* 14 *F.* (*2d*) 920.

This plea, therefore, does not set up a good defense to the plaintiff's action because it does not appear from it that Shingle, as Syndicate Manager, was given an opportunity to appear and litigate his rights in the prior proceedings therein referred to.

As is pointed out by the attorney for the plaintiff, the essential difference between the doctrine of election of remedies and estoppel is that the former depends upon what a party himself does; the latter on what he causes his adversary to do, and to his injury if he is later permitted to take a contrary position.

As we have already stated, it does not appear from the sixth plea that Shingle, as Syndicate Manager, was given an opportunity to litigate his rights in the Federal Court in California, and though there may be cases where mere silence or failure to take action will furnish a basis for the operation of the rule of estoppel, that rule will not apply unless it appears that there is both a clear duty and an opportunity to speak or act. *Elmhurst v. Maziroff*, 176 *App. Div.* 145, 161 *N. Y. S.* 1029; *Shinew v. First Nat. Bank*, 84 *Ohio St.* 297, 95 *N. E.* 881, 36 *L. R. A.* (*N. S.*) 1006, *Ann. Cas.* 1912C, 587; *Geisendorff, Adm'r, v. Cobbs et al.*, 47 *Ind. App.* 573, 94 *N. E.* 236.

No such duty or opportunity on the part of Shingle appears from any of the allegations of that plea. This disposes of all of the contentions made by the parties.

The demurrer of the plaintiff to the defendant's fifth plea is, therefore, overruled, but his demurrer to its sixth, eighth and ninth pleas is sustained.