MARTIN G. HANNIGAN v. ITALO PETROLEUM CORPORATION OF AMERICA, a corporation of the State of Delaware.

(*December* 3, 1935.)

HARRINGTON, J., sitting.

*John Biggs, Jr.,* and *Stewart Lynch* for plaintiff.

*Ivan Culbertson* (of the office of Hugh M. Morris) for defendant.

Superior Court for New Castle County, No. 105, January Term, 1935.

HARRINGTON, J., delivering the opinion of the Court:

The sixth plea, as amended, in substance, alleges:

1. That on December 13th, 1930 one Clay Carpenter was appointed receiver for Italo Petroleum Corporation of America, the defendant in this action, and of all of its property, wherever situated, by the District Court of the United States for the Southern District of California, Central Division.

2. That on June 4th, 1931 that court duly entered its order, requiring all creditors of Italo Petroleum Corporation of America having claims against that corporation, of whatsoever nature, to file them on or before July 15th, 1931.

3. That, pursuant to such order, Fred Shingle, Syndicate Manager, on July 14th, 1931 filed his claim on the notes sued on in this action.

4. That on or about August 27th, 1931, Clay Carpenter, the receiver for the defendant company, "disallowed the said claim of Fred Shingle, Syndicate Manager, and gave to the said claimant written notice of the rejection and disallowance of his said claim; such rejection and disallowance being based on the contention that the said Fred Shingle, Syndicate Manager, had no valid or subsisting claim against Italo Petroleum Corporation of America by reason of the said promissory notes; that thereupon a full and complete opportunity was afforded to the said Fred Shingle, Syndicate Manager, to litigate his rights in the said Federal Court for the Southern District of California, Central Division."

5. "That thereafter the said United States District Court for the Southern District of California, Central Division duly entered its order confirming the act of the said receiver in rejecting the claim of Fred Shingle, Syndicate Manager."

6. "That prior to the confirmation by the said United States District Court of the act of the said receiver in rejecting the claim of Fred Shingle, Syndicate Manager, the court put down for hearing the report of the said receiver, including his action in rejecting the claim, as aforesaid, and gave notice to the said Fred Shingle, Syndicate Manager, to show cause, if any he had, why the said report should not be confirmed, or to show cause, if any he had, why the said report should be rejected, and the said Fred Shingle, Syndicate Manager, was personally served with said notice."

7. "That Fred Shingle, Syndicate Manager, failed to contest the rejection of the said purported claim by the said receiver, or the confirmation by the said court of the action of the said receiver, nor did the said claimant appeal from the said action of the said court, or take any steps, whatever, to set aside either the said rejection or confirmation thereof."

8. That the plaintiff was the assignee or endorsee of such notes after maturity, and was not a holder in due course, or for value.

█ In most jurisdictions, the appointment of a receiver for a corporation by a court of equity is an ancillary remedy, and necessarily presupposes the existence of a primary suit, which directly involves the rights of the parties to it. *Pusey & Jones Co. v. Hanssen,* 261 *U. S.* 491, 43 *S. Ct.* 454, 67 *L. Ed.* 763; 1 *Clark on Receivers,* 58, 60, 104, 748, 749; 2 *Clark on Receivers,* 1023, 1552.

By statute a somewhat different rule applies in Delaware (*Rev Code* 1915, § 3883, 19 *Laws of Del., c.* 181, *p.* 359; 2 *Clark on Receivers,* 1024, 1059; *Pusey & Jones Co. v. Hanssen,* 261 *U. S.* 491, 43 *S. Ct.* 454, 67 *L. Ed.* 763);

but under either rule persons, not originally parties to the bill, may, also, have rights which, on taking the proper steps, will enable them to share in the corporate assets, in effect impounded by the court. *Barber v. International Co.*, 74 *Conn.* 652, 51 *A.* 857, 92 *Am. St. Rep.* 246; *Riehle v. Margolies,* 279 *U. S.* 218, 49 *S. Ct.* 310, 73 *L. Ed.* 669.

■ The possession of such assets, through the agency of its receiver, gives to the court appointing him jurisdiction over and the exclusive right to distribute the corporate property, or its proceeds, to its creditors, whose claims have been duly proved and allowed, and to those persons only. *Riehle v. Margolies,* 279 *U. S.* 218, 49 *S. Ct.* 310, 73 *L. Ed.* 669; *Cherry v. Insull Investments* (*D. C.*), 58 *F* (2d) 1022; *Nolte v. Hudson Nav. Co.* (*C. C. A.*), 31 *F* (2d) 527; *Attorney General v. Supreme Council, American Legion H.,* 196 *Mass.* 151, 81 *N. E.* 966; 1 *Clark on Receivers,* 715, 748, 753, 921, 1009.

■ In fact, the appointment of a receiver for a corporation is not intended to defeat the substantive rights of creditors [*Eyton v. Denbigh* (1868), 6 *L. R. Eq.* 14; 1 *Clark on Receivers,* 914, 915], and does not dissolve its corporate entity. *DuPont v. Standard Arms Co.,* 9 *Del. Ch.* 315, 81 *A.* 1089; *Hirschfield v. Reading Finance Co.,* 9 *Del. Ch.* 344, 82 *A.* 690; *Venner v. Denver Union Water Co.,* 40 *Colo.* 212, 90 *P.* 623, 122 *Am. St. Rep.* 1036; 8 *Thomp. on Corporations,* 469; 1 *Clark on Receivers,* 838, 1161; 2 *Clark on Receivers,* 1033.

It does, however, materially affect the remedies of such creditors, at least while the receivership proceedings are pending. *Roseboom v. Whittaker,* 132 *Ill.* 81, 23 *N. E.* 339; *Attorney General v. Supreme Council, Amer. Legion H.,* 196 *Mass.* 151, 81 *N. E.* 966; *Grosscup v. German Savings & Loan Soc.* (*C. C.*), 162 *F.* 947; *Quinn v. Bancroft-Jones*

*Corporation (D. C.),* 12 *F.(2d)* 958; *Cramer v. Iler,* 63 *Kan.* 579, 66 *P.* 617; 1 *Clark on Receivers,* 835, 836, 844; In re *Lord & Polk Chem. Co.,* 7 *Del. Ch.* 248, 44 *A.* 775.

▮ When the corporation is insolvent, it has been said that such a proceeding is somewhat in the nature of the levy of an equitable execution on its assets for the benefit of all such creditors as may be found to have valid claims against it. *DuPont v. Standard Arms Co.,* 9 *Del. Ch.* 315, 81 *A.* 1089; *Nolte v. Hudson Nav. Co. (C. C. A.),* 31 *F.(2d)* 527; see, also, 1 *Clark on Rec.* 80, 82.

At any rate in most cases the appointment of a receiver finally results in the sale of the corporate property for the benefit of its creditors. This usually ends the business activities of the corporation and takes away any possible chance of its accumulating other property from which a creditor could hope to collect his debt by the use of the ordinary and usual legal process in an action against it, after the termination of the receivership. By reason of that fact, creditors usually file their claims and take such other steps as may be necessary, to enable them to share in the assets in the hands of the receiver.

▮ But if a creditor does not take the necessary steps to accomplish that purpose, it seems that he is not necessarily barred from exercising both his legal rights and remedies against the corporation when the receiver shall have been discharged, even though all creditors were notified to file their claims. See In re *Bement's Sons,* 150 *Mich.* 530, 114 *N. W.* 327; *Pringle v. Woolworth,* 90 *N. Y.* 502; *Syracuse Trust Co. v. Keller,* 5 *W. W. Harr.* (35 *Del.*) 304, 165 *A.* 327; *Venner v. Denver U. W. Co.,* 40 *Colo.* 212, 90 *P.* 623, 122 *Am. St. Rep.* 1036; see, also, 1 *Clark on Receivers,* 837, 848, 850, 914, 918. Most of these citations relate to suits against the corporation while the receivership

proceedings are pending but the principle involved is the same.[1]

Bankruptcy is entirely regulated by statute, and it is, therefore, apparent that in some particulars the rights of a creditor against a corporation, for which a receiver has been appointed by a court of equity, materially differ from his rights against an adjudicated bankrupt. See *Tardy's Smith on Receivers,* 1661; 1 *Clark on Receivers,* 848.

There are occasional cases where adjustments are made, and the assets and property of the corporation are not sold, but are returned to it in specie, the receiver discharged, and the business continued. See 1 *Clark on Receivers,* 995.

This seems to be a case of that character, and in such cases suits against the corporation for the collection of claims, ante-dating the receivership, are not infrequent.

All of this is, apparently, conceded by the defendant company, but it contends that the facts alleged in the amended plea take this case out of the general rule and bar the plaintiff's right of action.

Where it clearly appears that the particular question before the court, whether it be of law or of fact, has been litigated and determined in a prior judicial proceeding in an action in *personam* between the same parties, it is a well settled general rule that both such parties and their privies in interest are bound thereby. *Hannigan v. Italo Petroleum Corporation,* 7 *W. W. Harr.* (*37 Del.*) 180, 181 *A.* 4; *Williams v. Daisey,* 7 *W. W. Harr.* (*37 Del.*) 161, 180 *A.* 908.

---

[1] For the rights of unpaid creditors of a corporation whose assets by order of the Court have been transferred to a reorganized corporation and the receiver discharged, see *Nor. Pac. R. Co: v. Boyd,* 228 *U. S.* 482; 41 *Yale L. J.* 577, note.

The same general rule, also, applies, though the particular question clearly and necessarily in controversy in such action be determined by a prior judgment by default, or by a judicial order in the nature thereof, where the defendant, though he did not appear in the action, was duly served with the appropriate legal process, and, therefore, in every sense of the word had an opportunity to be heard in his own behalf. *Riehle v. Margolies,* 279 *U. S.* 218, 49 *S. Ct.* 310, 73 *L. Ed.* 669; *Hannigan v. Italo Petroleum Corporation,* 7 *W. W. Harr.* (37 *Del.*) 180, 181 *A.* 4.

The real sense in which the term intervention is used is not always clear (1 *Clark on Receivers,* 714, note), but, independent of a rule of court, or statute, governing the question, strictly speaking, the mere filing of a claim by an alleged creditor of a corporation with its receiver, while it gives notice of the claim, is not in itself a pleading or an intervention in the receivership action. *Hannigan v. Italo Petroleum Corporation,* 7 *W. W. Harr.* (37 *Del.*) 180, 181 *A.* 4; *Alexander v. Hillman* (*C. C. A.*), 75 *F.* (2d) 451; *International Banking Corporation v. Lynch* (*C. C. A.*), 269 *F.* 242; *Lucey Mfg. Corporation v. Morlan* (*C. C. A.*), 14 *F.* (2d) 920; *General Elec. Co. v. Penn Heat Control Co.,* 20 *Del. Ch.* 389, 178 *A.* 587; *Clark on Receivers,* 718, 724, 916, 922.

If a receiver allows a claim filed, the order of the court approving his action is, at least, a determination of its existence and amount, and that the claimant has the right to share in the assets of the corporation impounded by the court, and to be distributed by it. *Glenn on Liquidation,* 431; *Clark on Receivers,* 923; *Hatch v. Morosco Holding Co.* (*C. C. A.*), 19 *F.* (2d) 766; see, also, *Riehle v. Margolies,* 279 *U. S.* 218, 49 *S. Ct.* 310, 73 *L. Ed.* 669.

If a claim filed is rejected by the receiver, an

alleged creditor need not stop with a mere notice of his claim, but may have his rights in the fund in controversy adjudicated by bringing the matter directly before the court in some appropriate manner.

Under the old Chancery Practice, this was usually done by intervening in and making himself a real party to the action in which the receiver was appointed. 1 *Clark on Receivers*, 923, 924; *Simpkins' Fed. Eq.* 491; *Bashford-Burmister Co. v. Aetna Indemnity Co.*, 93 *Conn.* 165, 105 *A.* 470; *St. Louis & S. F. R. Co. v. Spiller*, 274 *U. S.* 304, 315, 47 *S. Ct.* 635, 71 *L. Ed.* 1060.

In Delaware, the procedure whereby a claim rejected by the receiver is brought before the court, for the determination of its validity, is largely regulated by rule of court. *Del. Corporations & Receivers, 5th Ed. (Ward)* 203, 204; 1 *Clark on Receivers*, 171.

██ ██ Though it appears that the claim of Shingle, Syndicate Manager, was rejected by the receiver, and that he was so notified, it is not alleged that he appeared pursuant to the direction of the rule, or that any such steps to intervene were taken by him in the Federal Court in California, in which the receivership proceedings were then pending. Nor is it alleged that he ever appeared before the court, or before a master appointed by it, and litigated his rights on exceptions filed to his claim in any equivalent proceeding.

The cases cited by the defendant are of that general character, and, therefore, do not apply to this case.

It does appear, however, that the California Court "put down for hearing" the report of the receiver, including his action in rejecting the Shingle claim, on which this action is based, and by order, subsequently entered, confirmed that report.

It, also, appears that before that order was entered, the court gave notice of the hearing on the receiver's report by personal service on Shingle, Syndicate Manager, of a rule to show cause why such report should not be set aside or confirmed.

The defendant company contends that as the plaintiff is the assignee of Shingle, Syndicate Manager, the allegation of these facts calls for the application of the rule of *res judicata,* and absolutely bars his right of action in this case.

The plaintiff, on the other hand, claims that as it does not appear from the plea that Shingle, as Syndicate Manager, ever subjected himself to the jurisdiction of the Federal Court in California, by any affirmative act on his part, that his position in that court did not materially differ from that of any other person who claimed to be a creditor of either an individual or a corporation, but, for some reason, did not choose to institute proceedings to litigate his rights; and that, so far as appears from the plea, the receiver could not compel him to do so by the issuance of a rule to show cause, or bind him by the default order entered by the Federal Court confirming his report.

The plaintiff further contends that if that be true, the order can not bind him.

Where *res judicata* is relied on in a plea, the facts justifying the application of that rule must be clearly alleged. The procedure adopted by the receiver was not in accord with general equity practice, and if authorized by a rule of the Federal Court in California, or otherwise, and the mere filing of a claim was thereby made equivalent to an intervention in the receivership proceedings, it is not alleged.

The plaintiff's demurrer to the defendant's sixth plea, as amended, must, therefore, be sustained.

The plaintiff, also, claims that, regardless of the question of parties and procedure, the order of the Federal Court in California, in effect rejecting the Shingle claim, was merely a determination that he had no right to participate in the assets of the corporation in the custody of the court for distribution; and that such order could have no greater effect on the rights of the parties to that proceeding than a judgment *in rem.*

This contention, as to the limited scope of the real issue determined when a claim duly presented in a receivership proceeding is rejected by the court, is supported by *Glenn on Liquidation,* at *Sec.* 299.

That question has, however, received very little attention from counsel, and, in view of what we have already said, it is unnecessary for us to consider it.