PHILADELPHIA NATIONAL BANK, a corporation created by and existing under the laws of the United States of America, *v.* NEW JERSEY FIDELITY & PLATE GLASS INSURANCE COMPANY, a corporation of the State of New Jersey.

(*March* 27, 1935.)

REINHARDT, J., sitting.

*Caleb S. Layton* (of Richards, Layton and Finger) for plaintiff.

*Hugh M. Morris* for defendant.

Superior Court for New Castle County. Foreign Attachment on two foreign judgments, No. 18, March Term, 1934.

REINHARDT, J., delivering the opinion of the Court:

This is an action of debt begun by foreign attachment in which one thousand shares of the common stock of Heddon Holding Company, a Delaware corporation, standing in the name of the defendant were attached. The action is founded upon two judgments secured by the plaintiff against the defendant, a corporation of the State of New Jersey,. in the New Jersey Supreme Court, in and for the County of Essex, on the 27th day of September, A. D. 1932. One of said judgments is for the sum of $57,187.29 and costs amounting to $61.02, and the other of said judgments is for the sum of $56,007.23 and costs in the sum of $61.02; interest on both of said amounts is claimed from the entry of the said judgments, to-wit, September 27, 1932.

By written agreement of counsel for the plaintiff and the defendant, the case in Delaware was tried by the Court without the intervention of a jury.

The plaintiff's declaration was in debt and contained two counts; one of which was on the first of the above judgments and the second count was upon the second of the above judgments. The defendant filed several pleas to the plaintiff's declaration but at the hearing before the Court defendant abandoned all but two of its pleas, to-wit, the 6th and 7th, which were special pleas.

The 6th plea sets up as a defense a statute of the State of New Jersey, being *Section 56(a)* of the *Insurance Laws of the State of New Jersey,* also known as *Chapter 244* of

the *Laws of New Jersey* for 1931 (*N. J. St. Annual* 1931, § 99—56).

The defendant's 7th plea is to the effect that since the plaintiff has filed a claim based upon the two judgments upon which it is now suing, with the Commissioner of. Insurance in certain New Jersey liquidating proceedings against the defendant herein, it has thereby made an election of remedies and cannot now bring an action in this state upon the judgments above referred to.

The stipulation between the attorneys for the respective parties was admitted in evidence, under the terms of which it is admitted that the said two judgments are valid judgments, lawfully entered under the laws of the State of New Jersey in the New Jersey Supreme Court and that no sum has been paid on account and that, therefore, the full amounts of principal, interest and costs of said judgments are now due and owing.

There was admitted in evidence, without objection, the said Statute of New Jersey, being *Section 56(a)* of the *Insurance Laws of New Jersey*.

Exemplified copies of the two judgments in question were admitted on behalf of the plaintiff without objection.

The defendant called a witness who testified, in substance, that the Commissioner of Banking and Insurance of the State of New Jersey entered into possession of the property and business of the defendant corporation on May 28, 1932, pursuant to the powers vested in the Commissioner by *Section 56(a)* of the *Insurance Laws* of that state; that since the date last mentioned the Commissioner has been liquidating the affairs of the Company; that the Commissioner took possession of the certificates representing one thousand shares of stock of the Heddon Holding

Company, which certificates had, prior to that time, been in the possession of the defendant Company at its home office in Newark, New Jersey, and which certificates were in the name of the defendant as the owner thereof.

The writ of foreign attachment was laid on January 24, 1934, and the return of the Sheriff shows the attachment of one thousand shares of the stock of Heddon Holding Company, a Delaware corporation, standing in the name of the defendant in this suit.

At the trial of the case, it was also testified that the stock of the Heddon Holding Company in question had never been transferred into the name of the Commissioner of Insurance of the State of New Jersey.

There is no conflict in the evidence and exhibits produced at the trial of the case, and I find the facts to be as above stated.

Two questions of law are raised upon the pleadings and the evidence. The first is—that the full faith and credit clause of the *Constitution of the United States* (*Article 4, § 1*) requires that this Court recognize the validity of and give effect to *Section 56(a)* of the *New Jersey Statutes* of 1931. This *Section* of the *New Jersey Statute* provides, *inter alia,* as follows:

"Whenever any insurance company of this State shall become insolvent or shall suspend its ordinary business for want of funds to carry on the same, or whenever the Commissioner of Banking and Insurance shall ascertain, as the result of an examination as authorized by this act * * * said commissioner may forthwith take possession of the property and business of such company and retain such possession until such company shall resume business or its affairs be finally liquidated as herein provided. * * * Upon taking possession of the property and business of any such company by the commissioner all judgments, decrees, levies, and executions against the property of the company shall be thereafter stayed until otherwise ordered by the Court of Chancery."

Under this New Jersey Statute the Commissioner of

Banking and Insurance is made a liquidator of the property of insolvent corporations and is authorized to take possession of such property and business and liquidate the same with the view of paying the debts of the corporation. But the Statute does not vest the legal title to such property in such Statutory liquidator. The Act has been so construed by the Courts of New Jersey and also by the Court of Chancery of Delaware. *Smith v. Washington Casualty Insurance Co.,* 110 *N. J. Eq.* 122, 159 *A.* 510, 515; *Kelly v. International Re-Insurance Corp.,* 20 *Del. Ch.* 184, 174 *A.* 267.

Although such Statutory liquidator may take into his custody and possession the property of the insolvent company yet, in every jurisdiction where such property may be located, the title thereto remains in the insolvent corporation. It is so in the instant case. The title to one thousand shares of the capital stock of Heddon Holding Company, a Delaware corporation, is vested in the defendant company. That the situs of the Heddon stock, for purposes of attachment, is in the State of Delaware is conceded by counsel for the defendant. Unless some prohibition to bring suit against the insolvent defendant can be found in the New Jersey Statute, the plaintiff's right to institute in the Courts of this state its action of foreign attachment against the defendant seems clear. Does the New Jersey Statute contain any such prohibition? The defendant maintains that it does, and in support of its contention cites the following extract from the Statute:

"Upon taking possession of the property and business of any such company by the commissioner all judgments, decrees, levies, and executions against the property of the company shall be thereafter stayed until otherwise ordered by the Court of Chancery."

In the case of *Smith v. Washington Casualty Insurance Company, supra,* this statute was pleaded as a defense, just as it is pleaded in the instant case. The New Jersey Court

construed the above section of the Statute and in the course of its opinion said:

"The rights of creditors, at least so far as reducing their claims to judgment is concerned, are not affected by the act, which makes express provision that the commissioner, in the name of the company, may prosecute and defend all suits and other legal proceedings."

I am of the opinion that the above statute of New Jersey does not deny to a creditor the right to reduce his claim against an insolvent corporation to judgment, either in the Courts of New Jersey or elsewhere. It follows, therefore, in the instant case that the plaintiff had the right to institute an action of foreign attachment and attach the property of the defendant located in this jurisdiction.

The defendant cites and relies upon the case of *Clark v. Williard et al.*, 292 *U. S.* 112, 54 *S. Ct.* 615, 78 *L. Ed.* 1160. There the Court had under consideration a statute of the State of Iowa, which provided for a Statutory liquidator of insolvent corporations of that state and further provided that such liquidator should be vested with the title to all of the property of the corporation, and that the corporation itself should be dissolved.

The New Jersey statute in regard to liquidation, as we have seen, has no such provision. Therefore, the *Williard Case* is not in point.

I am constrained to hold that the matters of law and fact set up by the defendant in its 6th plea do not constitute a defense in the instant case.

The second point of law raised by the defendant in its 7th plea is, that the plaintiff, having filed its claim on the said two judgments with the Commissioner of Banking and Insurance of the State of New Jersey in the liquidation proceedings, prior to the commencement of the instant case,

thereby made its election to pursue its said claim in the liquidation proceeding in New Jersey and not elsewhere.

After careful consideration, I am of the opinion that the matters of law and fact set up by the defendant in its 7th plea do not constitute a defense in the instant case.

It is elemental that although a judgment creditor is entitled to but one satisfaction of his judgment, he is entitled to all possible remedies to secure such satisfaction. 2 *Woolley's Del. Prac.* 671.

In the filing of its claim in the New Jersey liquidating proceeding, the plaintiff did not thereby waive or abandon its right to bring suit on its said two judgments in other jurisdictions wherein might be located property of the defendant. By so filing the claims there was no election by the plaintiff to pursue the collection of its judgment only in the State of New Jersey.

Upon the evidence produced at the trial of the case, I find for the plaintiff and against the defendant, and I assess the damages of the plaintiff to be the sum of $130,314.05, with six cents costs, besides costs of this suit expended.