Judge Rutland
delivered the opinion of the court.
From the statement of this case as agreed upon by the counsel, the only points presented for our adjudication are, first. The decision of the court below in refusing to exclude from the jury the notes given in evidence by the plaintiff, and in refusing to instruct the jury, that the plaintiff is not entitled to recover in this case from the evidence introduced herein by himself—secondly. In giving the instruction as appears from the statement as follows : “ If the jury believe from the ev- “ idence that the defendant obtained the note offered as a set off from “ Metcalf upon the understanding that it should be his property only “ upon the contingency of his getting the off set allowed, he cannot be “ regarded as the bona fide holder of the note and therefore it cannot be “ a set off in this action.55
This was a proceeding under our statute to foreclose a mortgage—the facts show that the mortgage had been assigned by Morton the mortga *451 ger, to Tracy; that the assignment had been acknowledged and recorded. That the notes were endorsed by Morton, that is, that Morton had written his name on the back of the notes and that the lawyer had filled up the assignment before the suit was commenced.
It appears, that Tracy’s family were living with Morton, and that after the notes were over due, Morton had offered them to J. J. Anderson, who refused to purchase them, but who let Morton have one hundred dollars on the notes. Anderson called on McDonald for the payment of the notes and McDonald informed him he had a payment or a good set off against the notes. Anderson then informed Morton of McDonald’s refusal to pay and required Morton to pay him the money he had advanced him and take away the notes &e. Morton stated that Tracy would be up shortly from New Orleans and would attend to this business. That Tracy and Harrison came to Anderson’s and Harrison paid up the money, the hundred dollars and that Tracy assigned the mortgage over to Harrison and delivered the notes to him. Anderson says that he thinks he told Harrison what McDonald said about his payment or good set off against the notes. These were negotiable notes and were endorsed “pay Alfred Tracy or bearer” George Morton. The plaintiff read the mortgage and the assignment to the jury and read the notes and endorsements to the jury. The defendant moved the court to exclude these notes from the jury and also moved the court to instruct the jury that the plaintiff could not recover in this case from his own showing. Both of which motions the court refused—and this decision of the court is the first point as above stated. I can see nothing authorizing the court to exclude these notes from the jury; nor is there any reason why the court should instruct the jury, that from the plaintiffs own showing lie could not recover in this proceeding.
This point is therefore ruled for the plaintiff below.
The defendant then offered in evidence the note assigned to him by Metcalf—it was Morton’s note to Metcalf for $600, and was assigned by Metcalf to McDonald. The plaintiff objected to this note in evidence as a set off, but the court permitted it to go to the jury. The plaintiff then introduced as rebutting testimony a witness who stated that he “ witness had a knowledge of the arrangement between McDonald and Metcalf, concerning the Morton note. It was transferred to McDonald in July or August 1847, the agreement was that McDonald was to give $500 conditionally, the money was to be placed in my hands, and in case McDonald could use the Metcalf note as a set off against the mortgage given to Morton, then the witness was to pay the money over to Metcalf, *452 but if it could not be so used, the witness was to hand the money back to McDonald ^ McDonald gave the witness $400 of the money which was still in witness’ hands. ” There was no objection made to this testimony ; and the court thereupon gave the instruction as mentioned above, as the second point relied on by the plaintiff in error (or the reversal of the judgment below. Had the defendant objected to the evidence of the witness in relation to the transfer of the Metcalf note to McDonald in the court below, in all probability the question would have been up before us, but he failed to do this. The point therefore about the introduction of parol evidence to vary or alter a written assignment by showing it to be conditional, and that the assignee was merely holding the note as trustee, although the assignment itself appears otherivise, was not raised in the court below; and this court will not therefore say any thing about the law arising on that point. I shall consider the instruction as given upon the evidence without regard to the legality or incorrectness of the testimony itself. The evidence of the witness shows that the transfer of the note from Metcalf and McDonald was only conditional—that it was to be good or not as McDonald succeeded in using it or not as a set off against the mortgage originally given to Morten by him.
“ A chose in action which is assignable cannot be set off by a person to whom it is transferred if he holds it merely as a trustee. ” See Babington on the law of set off and mutual credit, page 28 ; Law Library Vol. 4; see also 16 East. B.ep. 136. “ Where third person holding the acceptance of a trader, who was known to be in bad circumstances, agreed with defendants, as a mode of conveying the amount of the bill that, it should be endorsed to them, and that they would purchase goods of the trader which was to be paid by a bill at three months date or made equal to, cash in three months (before which time the trader’s acceptance would be due) but without communicating to the trader, that they were the holders of his acceptance ; the trader having become bankrupt and his¡ assignees having brought assumpsit to recover the, value of the goods sold and delivered to, the defendant; the court o King’s Bench held that the latter could not set off the bankrupt’s acceptance, which they did not hold in their own right, but in effect for such other persons. ” In my opinion, therefore, the court below did right in leaving the fact to the jury upon the instruction and in giving them the law as laid down therein. I am then for affirming the judgment,, and my brother judges concurring herein, the same is affirmed. The words plaintiff and defendant ai;p used in reference to the court below,.