GANSNER *et al., Plaintiffs in Error*, v. FRANKS.

**Set-off.** A debt due to a defendant as guardian cannot be set off against a demand due by him individually.

*Error to Jefferson Circuit Court.*—HON. LOUIS F. DINNING, Judge.

REVERSED.

*Philip. Pipkin* for plaintiffs in error.

HOUGH, J.—The plaintiffs sue the defendant upon a lease executed to him by Catherine Gansner, before her marriage with her co-plaintiff, and while she was the widow of one Christopher Frank. After the defendant went into the possession of the premises leased to him, he became guardian of four children of said Christopher Frank by a former marriage. The defendant contends that a portion of the rent which he covenanted to pay, of right belongs to said children, and that being their guardian, he has a right to retain the same for their use and benefit. The court allowed the defendant the amount claimed by him, in his capacity as guardian, out of the rent due from him individually to the plaintiffs under his lease from Mrs. Gansner, and rendered judgment in favor of the plaintiffs for the balance. In this the circuit court committed error. Conceding that under the circumstances of this case, which it is unnecessary to recite, the children were entitled to a portion of the rents, the defendant was not entitled to set-off against a demand due by him individually, a sum alleged to be due him as guardian. The judgment will, therefore, be reversed and the cause remanded. The other judges concur.