ADVANCE EXCHANGE BANK BY S. L. CANTLEY, COMMISSIONER, RESPONDENT, v. THOS. A. BALDWIN AND MABEL BALDWIN, APPELLANTS.—31 S. W. (2d) 96.

Springfield Court of Appeals. September 12, 1930.

*Dearmont & Russell* and *Homer Williams* for appellant.

*Wammack, Welborn & Cooper* for respondent.

BAILEY, J.—This is a suit on a promissory note instituted by the Commissioner of Finance of the State of Missouri, in charge of the Advance Exchange Bank, which failed March 27, 1927. The petition is in regular form, alleging defendant executed his note of date February 22, 1926, payable to the Advance Exchange Bank, for $2000, upon which was due, after deducting credits, the sum of $1147.85. Defendant, by his answer, admitted the execution of the note but set up a counterclaim based upon the alleged facts that on October 4, 1926, his mother, Carrie Pool Baldwin, of Adams county, Illinois, died testate, leaving all her property to defendant; that she owned no mansion house in Missouri, but owned real property in Lewis, Cape Girardeau, Stoddard and Bollinger counties, in this State; that she owed no debts in Missouri, but that an administration was necessary in order to comply with the inheritance tax laws of Missouri, and that for such purpose only, administration was had on said estate in Lewis county, where decedent had property; that after the death of Carrie Pool Baldwin and probate of her will in Illinois, defendant presented to the officers of plaintiff bank a duly authenticated copy of said will for the purpose of withdrawing $1078.24, which she had in said bank at the time of her death; that at the earnest solicitation of the bank's president, he permitted the money to remain in the bank and no change was made in the style of the account except by changing it from ''Carrie Pool Baldwin'' to, ''Harry Carstarphen, administrator for C. P. Baldwin, deceased;'' that, ''from time to time the Missouri administrator, who was keeping separate the estate in Missouri, for inheritance tax purposes, from the general estate, deposited in the plaintiff bank money collected from the assets of said estate, including rents from real estate, all of which passed to defendant under the terms of the will of his mother, Carrie Pool Baldwin, at her death, subject only to the payment of the debts, if any, which the said Carrie Pool Baldwin owed to the citizens of Missouri.'' The answer further set up that the administrator collected, for this defendant, rents on real estate amounting to more than the sum of $1221.25, which was on deposit in the plaintiff bank in the name of ''Harry Carstarphen, administrator

of Carrie Pool Baldwin, deceased;" that, "said administrator withdrew from said plaintiff bank from time to time before it closed its doors all of the funds, if any, which properly belonged to him as such administrator, by order of the probate court having jurisdiction of said estate and that said sum of $1221.25, while appearing on the books of the bank in the name of 'Harry Carstarphen, administrator of C. P. Baldwin, deceased,' in fact and in equity and good conscience, belonged to the defendant Thomas A. Baldwin."

The answer further alleged the finance commissioner had recognized that the account deposited in the name of said administrator belonged solely to defendant by mailing him a dividend check on February 13, 1928; and that prior to the institution of this suit the administrator had been ordered by the probate court of Lewis county to transfer the entire Baldwin estate to defendant.

The reply was a general denial. Upon the issues thus made the cause was tried before the court, without a jury, resulting in a judgment for plaintiff, from which defendant has duly appealed.

The evidence was offered in support of the allegations of defendant's answer but there is no necessity of setting forth such evidence. The only error assigned is that the court erred in finding that Thomas Baldwin, the defendant, was not entitled to set off the amount of the deposit in the bank in the name of "Harry Carstarphen, administrator of C. P. Baldwin, deceased," at the time it closed its doors, against his note held by the bank at the same time. There is no dispute as to the facts which the evidence shows were about as alleged in defendant's answer.

The question then in this case is, whether or not a deposit in the name of an administrator of an estate, after the bank in which such deposit was made has failed and been taken over by the State Commissioner of Finance, can be set off by the sole heir to such estate against a note of such heir owing by him to the bank, the evidence showing the estate to be free of debt. The law, of course, is well settled that, when the commissioner took charge of the assets of the bank on the 7th day of March, 1927, he took those assets subject to all set-offs and counterclaims that might exist against the bank, at that time. [Aab v. French, 279 S. W. 435; Merchant Ice & Fuel Co. v. Holland Banking Co., 8 S. W. (2d) 1030.]

It is also true that a depositor may, as a general rule, set off his deposit against his note due the bank. [Aab v. French, supra.]

In the case last cited it is said: "The test of the right of set-off is the mutuality of the indebtedness; that is, the parties must owe each other in the same capacity so that a judgment might be recovered in the same right by each against the other. For example, an individual debt cannot be set off against a partnership demand.

[Payne v. O'Shea, 84 Mo. 129.] A debt due to a party as guardian cannot be set off against a demand due by him individually. [Gansner v. Franks, 75 Mo. 64.] A debt due a party as trustee cannot be set off against an individual debt. [McDonald v. Harrison, 12 Mo. 447; Smallwood et al. v. Lafayette County, 75 Mo. 450, 454.]''

It has been pointed out that, ''The trend of modern decisions is toward liberality in the allowance of set-offs in the case of insolvency of the party against whom the set-off is claimed, to the end that only the true balance may be required to be paid to the representative of the estate of the insolvent. In such cases a receiver is not an assignee for a valuable consideration in the ordinary sense of that term and by operation of law the rights and property of the bank pass to him precisely in the same condition and subject to the same equities as the corporation held them.'' [Funk v. Young, 210 S. W. (Ark.) 143, 5 A. L. R. 79, 1. c. 81.]

The foregoing principles of law are applicable here. The question naturally arises first, as to whether defendant had such an interest in the deposit as to himself have a claim against the bank at the time it was taken over by the receiver. The legal title to the deposit was in the administrator, but he held only as trustee for the defendant in whom was vested the equitable title. [Bell v. Farmers & Traders Bank, 188 Mo. App. 383, 174 S. W. 196; McCracken v. McCaslin, 50 Mo. App. 85; Richardson v. Cole, 160 Mo. 372, 61 S. W. 182; People's Savings Bank v. Hoppe, 132 Mo. App. 449, 111 S. W. 1190; Todd v. James, 157 Mo. App. 416, 138 S. W. 929.]

In the Peoples Savings Bank case, supra, a bank was said to have the right to recover against an administrator having funds in his hands belonging to an heir liable on a note to the bank, the answer of defendant administrator admitting nothing stood in the way of the heir's title except an assignment. Similarly, had the bank in the case at bar not gone into the hands of the receiver, there is no doubt it could, by proper proceeding, have subjected the deposit to the debt owed the bank by defendant, it appearing the estate was free of debt and there being no person having the right to lay claim to any part of the deposit except defendant, the sole heir.

It seems inequitable that the bank should have such right and yet be able to assert that defendant had no such interest in the deposit as would entitle him to a right of set-off against the bank. The nearest case in point which we have discovered, after much search, is that of Bailey v. Finch (1871); L. R. 7 Q. B. Cases (Eng.) 34 41 L. J. Q. B. (N. S.) 83, 20 Week, Rp. 294.

That was a case wherein the affairs of a bank were in charge of a trustee in bankruptcy and an executor was held entitled to set off a deposit in his name as executor against his overdrawn personal account, where he was residuary legatee of the estate of which he was

executor; it also appeared to be an admitted fact that there was no other person who could lay claim to the fund and that the estate was amply sufficient to satisfy all claims and leave a large residuary fund, although such facts were unknown at the time the bank was closed. The opinion emphasizes the equity of permitting a set-off under such circumstances. In the case at bar, the principal administration was in Illinois, the administration in Missouri being merely ancillary thereto for the purpose of satisfying the inheritance tax laws of Missouri. The money on deposit in the name of the administrator was in fact the money of defendant and was money in which the administrator had no beneficial interest whatever. That money was in the bank and used to pay creditors of the bank. It was money to which defendant was at all times entitled as sole legatee under the will and was left in the bank only after request by the bank's president. There are and were no claims against the estate other than taxes and administrator's fees. Defendant, at least through his administrator, could have sued for this fund at any time. He was the real party in interest and his claim was sufficient, we think, to satisfy the rule as to mutuality. It is our opinion that justice and equity demands that defendant be allowed to set-off of this deposit against his note. We therefore hold this case should be reversed and remanded with directions to enter up judgment for plaintiff for the full amount of the note and for defendant on his counterclaim in the sum of $952.57 (being the amount of the fund on deposit, less the dividend of $268.68 paid defendant since the bank went into the hands of the commissioner of finance), and that such amount be allowed as credit on the note in suit. It is so ordered. *Cox, P. J.,* and *Smith, J.,* concur.