REICHERT *v.* BAY CITY BANK.

CLAIM OF BARTLING.

1. DESCENT AND DISTRIBUTION—TITLE TO DECEDENT'S PERSONAL
   PROPERTY—EXECUTORS AND ADMINISTRATORS.
   Although legal title to personal property of decedent remains
   in abeyance until appointment of administrator and then vests
   in him in trust, equitable title is in heirs, subject to rights of
   creditors and expenses of administration.

2. BANKS AND BANKING—RIGHT OF REAL OWNER OF BANK DEPOSIT
   TO SET-OFF.
   Real party in interest or actual owner of deposit in insolvent
   bank, though in name of another, may set off said deposit
   against his indebtedness to bank.

3. SAME—RIGHT OF HEIR TO SET OFF DISTRIBUTIVE SHARE OF DECE-
   DENT'S BANK DEPOSIT.
   Heir's distributive share of decedent's bank deposit was proper
   set-off against heir's indebtedness to insolvent bank, notwith-
   standing absence of administration, where limitation had run
   on claims against decedent's estate, no inheritance taxes were
   payable, and incidental charges of administration were waived
   (3 Comp. Laws 1929, § 15724).

4. SAME—COMPROMISE AND SETTLEMENT—CORRECTING ERROR AFTER
   SETTLEMENT—EQUITY.
   Where neither heir nor bank receiver knew of heir's right to
   set off his distributive share of decedent's bank deposit against
   heir's indebtedness to bank at time settlement was effected,
   said settlement constituted overpayment of money to receiver
   which should now be corrected by allowing said set-off; no
   equities of depositors or creditors having intervened.

Appeal from Bay; Houghton (Samuel G.), J. Sub-
mitted April 20, 1933. (Docket No. 139, Calendar
No. 37,210.) Decided May 16, 1933.

Receivership proceedings by Rudolph E. Reichert, State banking commissioner, against Bay City Bank. Herman H. Bartling intervened as claimant of a fund. From order for intervener, receiver appeals. Affirmed.

*Carl H. Smith,* for appellant.

*Gilbert W. Hand* and *Harold J. Hand,* for appellee.

FEAD, J.   The receiver of the Bay City Bank, closed by the State banking commissioner September 2, 1931, appeals from an order allowing a claim.

Petitioner's mother, Matilda Bartling, died about April 1, 1906, leaving four heirs-at-law. Petitioner did not know his mother possessed any estate until January 20, 1932, when he was advised that she had a savings deposit of $1,386.96 in the Bay City Bank.

Petitioner had both commercial and savings accounts and was indebted to the bank on four notes, one of which was secured by collateral. On January 26th the collateral was sold and an accounting had. The proceeds of the sale of collateral and the deposit accounts were set off against petitioner's notes, leaving a small balance in his favor, which was paid him.

January 28th petitioner was appointed administrator of his mother's estate. February 2d he filed this petition setting up the facts and alleging that there were no claims against his mother's estate because of the statute of limitations (3 Comp. Laws 1929, § 15724), no inheritance taxes were payable, and he waived incidental charges of administration. Thereupon he claims that, both when the bank closed and settlement was made, he was entitled to an equitable set-off of one-fourth of the amount of his

mother's deposit as against the sum due on his notes. He alleged he did not know his rights when the settlement was effected. The allegations of petition are not denied. The court ordered the receiver to pay petitioner $346.74.

Although the legal title to the personal property of a decedent remains in abeyance until the appointment of an administrator and then vests in him in trust, the equitable title is in the heirs, subject to the rights of creditors and expenses of administration. *Powell* v. *Pennock,* 181 Mich. 588; *Windoes* v. *Colwell,* 247 Mich. 372. Under some circumstances the heirs may collect the estate without administration. *Brobst* v. *Brobst,* 190 Mich. 63.

Mutuality of accounts depends upon the facts. The real party in interest or actual owner may set off an account though it be in the name of another. Thus the *cestui que trust* may set off a deposit made in the name of his trustee. *State Banking Commissioner* v. *E. Jossman State Bank,* 185 Mich. 24 (Ann. Cas. 1917C, 1203). For other instances, see *Citizens' Bank of Garnett* v. *Bowen,* 21 Kan. 354; *Kendrick State Bank* v. *First National Bank,* 206 Fed. 940; *Coburn* v. *Carstarphen,* 194 N. C. 368 (139 S. E. 596; 55 A. L. R. 819).

Permitting the set-off and in direct point, except that a sole heir was claimant, is *Advance Exchange Bank* v. *Baldwin,* 224 Mo. App. 616 (31 S. W. [2d] 96), and, except that claimant was residuary legatee, is *Bailey* v. *Finch,* L. R. 7 Q. B. 34 (41 L. J. [N. S.] Q. B. 83).

There being no possible claims against the estate of Matilda Bartling, and petitioner being the owner of a share therein, his share was a proper set-off in his favor.

May the claim now be allowed and ordered paid in view of petitioner's failure to demand the set-off?

The petition does not charge the receiver with fraud, knowledge of the death of Mrs. Bartling, concealment of facts, or intentional neglect of duty. We must assume that failure to allow the set-off was due to receiver's ignorance of the facts or the law and to petitioner's lack of knowledge of his rights. The settlement constituted an overpayment of money to the receiver, which leaves him in possession of moneys not belonging to the insolvent estate but belonging to petitioner. No equities of depositors or creditors have intervened. It would be a reproach to equity if a court of chancery, in its own administration of an estate through a receiver, could not correct an injustice or mutual error under such circumstances.

Order affirmed, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.