GIBSON v. GILMORE.

1. BANKS AND BANKING—CLAIMS AGAINST BANK—LEGACY.
   Sole legatee of holder of certificate of deposit, hwo died after
   bank became insolvent and suspended payment, acquired un-
   paid portion of deceased's claim against insolvent bank as
   allowed incident to such certificates.

2. RECEIVERS—RIGHTS OF CREDITORS.
   When receiver takes over the assets of a debtor there is sub-
   stituted for right of action *in personam* a right to a propor-
   tionate share of the impounded assets.

3. BANKS AND BANKING—RIGHT OF SET-OFF—AFTER-ACQUIRED CER-
   TIFICATE OF DEPOSIT.
   Condition of debits and credits at time bank became insolvent
   and suspended payment determines right of set-off of its
   debtor in suit against him by receiver on his promissory notes,
   after-acquired negotiable certificates of deposit not being in-
   cluded within such right.

Appeal from Kalamazoo; Covert (Frank L.), J, presiding. Submitted October 12, 1934. (Docket No. 97, Calendar No. 38,050.) Decided December 11, 1934.

Assumpsit by Karl Gibson, receiver of the Farmers State Bank of Vicksburg, against Robert J. Gilmore, on promissory notes. Set-off and recoupment pleaded by defendant. Judgment for plaintiff. Defendant appeals. Affirmed.

*Charles H. Farrell* and *Richard H. Paulson,* for plaintiff.

*Harry C. Howard* and *William J. Howard,* for defendant.

NORTH, J. The Farmers State Bank of Vicksburg, Michigan, became insolvent and suspended business September 15, 1931. Plaintiff herein was appointed permanent receiver November 5, 1931. When the bank closed Mr. James Gilmore held three of its certificates of deposit totaling $3,400. This amount was allowed as a claim against the insolvent bank in favor of Mr. James Gilmore. Prior to bringing this suit the bank had paid on the above claim three dividends of five per cent. each. James Gilmore died January 22, 1933. He left a will by which his brother Robert J. Gilmore, defendant herein, was made sole legatee. November 29, 1933, the receiver began this suit on promissory notes which the bank at the time it suspended held against Robert J. Gilmore. The latter sought to use as a set-off against his indebtedness to the bank money which he claimed was due him from the bank on the certificates of deposit which he had received from his brother's estate prior to the time this suit was started by the receiver. The trial court denied the claimed right of set-off and rendered judgment in favor of plaintiff for $1,007.81, that being the amount due and unpaid on Robert J. Gilmore's notes to the bank. The defendant has appealed.

The holding of the trial court was correct. Appellant asserts that since the certificates of deposit were negotiable instruments of which he was the lawful holder prior to the bringing of this suit, he had a right of set-off. This claim is untenable. Defendant has and should have no greater rights under the claim arising against the bank from the certificates of deposit formerly held by his brother than the brother would have were he living. His right would be to share *pro rata,* with other creditors of the bank in its assets; not the right to be paid in full regard-

less of the insolvency of the bank, as defendant would be if he were allowed the asserted set-off. What defendant received as legatee of his brother's estate was not the three certificates of deposit, but rather the unpaid portion of his brother's claim against the insolvent bank as allowed incident to these certificates of deposit.

"Nothing appears to be better settled by the decisions than that the effect, upon the creditor, of the taking over by the receiver of the general assets of the debtor is to substitute for the right of action, *in personam*, theretofore existing, a right to a proportional share of the impounded assets." *In re E. Bement's Sons*, 150 Mich. 530, 534.

The whole answer to appellant's claim is that at the time the bank became insolvent and suspended, he had no right of set-off against the amount he then owed the bank; and the condition of the debits and credits which then prevailed as between him and the bank determines the right of set-off.

"The right to a set-off against the receiver of a bank is to be governed by the state of things existing at the moment of insolvency and not by conditions thereafter created." 7 C. J., p. 746, citing many cases, including *Stone* v. *Dodge*, 96 Mich. 514 (21 L. R. A. 280), from which we quote the syllabus:

"In an action by the receiver of an insolvent banking corporation organized under Act No. 205, Laws of 1887, against a debtor of the bank to recover a sum due at the date of the suspension of the bank, the defendant cannot set off a certificate of deposit, procured by him from a creditor of the bank after its suspension, and before an application for the appointment of a receiver was made."

Appellant's claim herein is not sustained by *Reichert* v. *Bay City Bank*, 263 Mich. 322. The item

of set-off there allowed was due and owing to the one asserting it at the time the bank closed. Before that time he had become possessed of title to the asserted set-off as an heir of his mother's estate. But, as above noted, appellant herein was not possessed of a right of set-off at the time the bank suspended; and he could not assert one acquired subsequently under his brother's will any more than he could assert one subsequently purchased or subsequently obtained by gift *inter vivos.*

The judgment entered in the circuit court is affirmed. Costs to appellee.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.