HELMS v. CITIZENS BANK OF ERWIN—97 S. W. (2d), 665.

Eastern Section.    June 20, 1936.

Petition for Certiorari denied by Supreme Court, October 17, 1936.

L. H. Allred, of Erwin, for appellant.
De Witt. Tucker, of Erwin, for appellee.

PORTRUM, J. The complainant, H. N. Helms, was indebted to the First State Bank of Erwin in April, 1933, by three promissory notes in the sum, first, $500 secured by the personal indorsement of Thomas F. Willis; second, $107.55; and third, $312.58, and these two notes were secured by the personal indorsement of John Leonard, and at this time the bank was indebted to John Leonard by two certificates of deposit issued in his name for the amounts of $298.21 and $50.25, making the total indebtedness to him of $348.46.

Upon this date the First State Bank of Erwin closed its doors, and its affairs were taken over for liquidation by the superintendent of banks. It is alleged that a bill was filed in the chancery court by the superintendent of banks for the liquidation of the bank's affairs. And to expedite and save cost in the liquidation of the assets of the bank, a new bank was organized under the name of the Citizens Bank and the superintendent of banks and the new bank through its officials entered into an agreement whereby all the notes, choses in action, and assets of the bank under liquidation, would be transferred to the new bank, or the Citizens Bank, and that the Citizens Bank would pay immediately to the depositors and creditors of the State Bank 36 per cent. of the indebtedness,

and for the balance would issue certificates representing the remaining equity in the assets owned by the creditors, and when the assets were collected, a certain per cent. would be deducted for expenses and the balance paid proportionately to the certificate holders. The chancellor approved this arrangement, and the liquidation of the bank was transferred from the superintendent of banks to the Citizens Bank to be wound up under the agreement.

The aforesaid notes came into the hands of the Citizens Bank under this arrangement, which is a trust arrangement, and the bank instituted a suit against H. N. Helms and John Leonard upon the second and third notes on which Leonard was an accommodation indorser before a justice of the peace and reduced these notes to judgment. Thereupon the complainant, Helms, filed this bill to enjoin the issuance of execution upon this judgment upon the theory that the original holder, State Bank of Erwin, was insolvent, and that he was in equity the owner of the certificates of deposit in the name of John Leonard, his accommodation indorser, in the amount of $348.46, and that this sum should be offset against the judgment. He also claimed that the First State Bank of Erwin was indebted to Thomas F. Willis, trustee, in the sum of $5,706.33, which sum represented the assets of a corporation which was being liquidated and distributed among the stockholders and that Helms was a stockholder therein and entitled to the sum of $653.84, and he claims the right to offset this sum against the $500 note upon which Willis was an indorser, and by adding this sum and the two certificates of deposit in the name of John Leonard, the equity of which is claimed to be in Helms, the total indebtedness of the State Bank exceeds Helms' liability to it, and he asks a court of equity to offset his debt against the bank debt.

The defendant answered the bill, and filed a cross-bill against Helms making Thomas F. Willis and John Leonard parties thereto. It denies that Helms has any interest in the funds held by Willis as trustee representing the assets of a telephone company for the reason that this fund belongs to the corporation which is still in existence, and is first subject to the debts of the corporation, and alleging that there are outstanding debts and suits against it. It denies that Helms is the equitable owner of the two certificates of deposit issued by the State Bank, but it admits that they are outstanding in the name and hands of John Leonard, and by decree it is adjudicated that John Leonard is entitled to offset his interest in the certificates against the judgment against him. But it is insisted that his interest in the certificates was restricted by a decree in the former case, and by the agreement which authorized the payment of 36 per cent. of the face of the debt, and only such other sums as were hereafter paid upon the certificate issued by the Citizens Bank representing the equity of the creditors of the State

Bank. Therefore, the issue presented is what amount Leonard is entitled to offset against the notes upon which he is indorser. The chancellor decreed that Leonard was entitled to offset 36 per cent. of the face value of his certificate, and such other amounts as may be hereafter realized upon the certificates issued by the Citizens Bank.

This action of the chancellor is assigned as error.

The record does not show that either Helms or Leonard were ever parties to the suit filed by the superintendent of banks, and they never agreed to or accepted the certificate issued by the Citizens Bank representing the equity after the allowance of 36 per cent. as a cash payment. But for this independent agreement between the Citizens Bank and the superintendent of banks, Leonard would have been entitled to offset his entire indebtedness against the bank, leaving only a balance due from him of about $71.67. He was not a party to the lawsuit of the superintendent of banks, and did the court have authority to adjudicate against his interest and destroy his then vested right resulting in the accruing of an additional obligation on his part?

At the date of the failure of the State Bank, Leonard was entitled to offset his obligation to the bank against the bank's obligation to him, and equity treats as done what ought to be done at the date of the accrual of the right, and this being treated as done, then Leonard was indebted to the bank in about the sum of $71.67; and the agreement thereafter made between the superintendent of banks with the Citizens Bank was made for the benefit and in the interest of depositors and debtors of the bank. Leonard was not one of these, and it was not made in his interest. These interested parties could not abstract funds belonging to Leonard and use them in the payment of their obligations. Leonard was not interested in the arrangement and there can be no consideration passing from him. His right to offset his claim cannot be questioned, and it is only necessary to cite Pomeroy's Equity, volume 4, section 1609.

Helms' attempt to set off his interest in the $5,706 fund belonging to the Telephone Corporation, against his $500 note indorsed by Thomas F. Willis is not so clear. This fund was on deposit in the State Bank in the name of Willis as trustee at the time of its failure, and held for the stockholders in this corporation, and if the fund were distributed among the stockholders he would be entitled to $653.84, but the fund was being held awaiting the disposition of a suit then pending against the corporation, and this fund was not subject to distribution until the debt of the Telephone Corporation was paid. Now, has Helms such an interest in this fund that he can offset it against his personal obligation to this bank?

272

The cardinal principle in the rule of equitable set-off is mutuality of claims, and the right of the parties seeking the set-offs to maintain an action to recover the fund sought to be set off. In determining the right to set-offs, the principal rule set out in our cases is: Can defendant maintain an action against the plaintiff to recover the fund? Moore v. Tate, 87 Tenn., 725, 11 S. W., 935, 10 Am. St. Rep., 712.

The rule of the right to sue for the fund is recognized elsewhere. Assuming that the bank had remained solvent, Helms could not have maintained the suit against the bank for his interest in the funds. He necessarily would have had to work that out through the Telephone Corporation or Willis, the trustee and custodian of the funds. If he were allowed to maintain suit to recover or offset this fund against the State Bank, the creditors of the corporation, not being parties to the suit, would not be bound by the adjudication. And if Helms transferred his stock in the Telephone Corporation, which is evidence of his interest, to an innocent purchaser, this purchaser would not be bound by the adjudication. In view of these facts the bank cannot be required to satisfy Helms' claim or his indebtedness to the bank and risk the chance of being called by third parties to again pay the sum.

It is true that equity sometimes disregards mutuality, and it has allowed an heir at law to offset his funds in the hands of administrator against his personal debt (Advance Exchange Bank v. Baldwin, 224 Mo. App. 616, 31 S. W. (2d), 96), and an heir at law can offset his debt to the bank against his share of the deposits of the deceased where the statute of limitations has run against the claim from the estate (Reichert v. Bay City Bank, 263 Mich. 322, 248 N. W., 636), but these cases are distinguishable from the case here. In these cases it is shown that the estate was free from debt, and the administrator was nothing more than a mere trustee. But this case involves the winding up of a corporation, and suits are now pending against it.

"However, every claim must have a legal or equitable basis to be the subject of a recoupment or setoff, and a setoff will not be allowed where it would result in a double recovery for defendant, nor, in some jurisdiction, will a counterclaim be allowed where it tends to prejudice or embarrass the fair trial of the plaintiffs' action." Set-offs, 57 C. J., section 38, p. 385.

The defendant cannot be required to assist or await the winding up of the Telephone Corporation and the distribution of the remaining assets among the stockholders to determine Helms' interest in the funds in order that he may set it off against the claim of the bank. This is too great of an embarrassment to the administration of the remedies allowed by law and equity. The court is of the opinion that Helms is not entitled to set off his

claim in this fund against his personal obligation as evidenced by the $500 note indorsed by Willis.

The decree of the lower court will be modified so as to permit Leonard to set off his certificates of deposit with interest against the note of Helms upon which he was indorser, and after this credit the bank would be entitled to a difference of approximately $71.67 with interest and attorney's fees from the date of the aforesaid credit. Counsel are directed to draft this decree to determine the exact amount due in order that a judgment may be entered accordingly. As thus modified, the decree of the lower court is affirmed. The complainant Helms will pay one-half the cost of the lower court and of the appeal. The defendant, Citizens Bank, will pay the remainder.