**AUTON'S FINE JEWELRY & BRIDAL CENTER, INC.,**
Plaintiff-Counter-Defendant-Appellee,

v.

**BECKNER'S, INC.,**
Defendant-Counter-Claimant-Appellant.

Court of Appeals of Tennessee,
Eastern Section.

Jan. 28, 1986.

Rehearing Denied Feb. 7, 1986.

Application for Permission to Appeal
Denied by Supreme Court
March 24, 1986.

Walter Lee Davis, Jr. of Johnson & Davis, Johnson City, for defendant-counter-claimant-appellant.

J. Randall Shelton, Morristown, for plaintiff-counter-defendant-appellee.

## OPINION

FRANKS, Judge.

The issue presented by this appeal is whether the defendant is entitled to the equitable remedy of set-off against plaintiff's action, based on an open account which plaintiff purchased at a foreclosure sale.

The facts are not in dispute. For several years, Beckner's and Clifton's, retail jewelry stores, transacted business, exchanging merchandise on open accounts. Clifton's became insolvent and its secured creditors, the Bank of Commerce and others, foreclosed on Clifton's merchandise and accounts receivable. Plaintiff purchased the accounts receivable at the foreclosure sale and among these accounts was the receivable account from Beckner's for $1,134.98. At the time, Clifton's owed Beckner's $1,733.05.

When plaintiff brought the instant action, the defendant claimed a set-off based on the debt of $1,733.05 and counterclaimed for the difference. The trial court refused to allow the set-off and entered judgment for the plaintiff in the amount of $1,134.98.

T.C.A., § 47-9-504(4) is applicable in the instant case and provides:

When collateral is disposed of by a secured party after default, the disposition transfers to a purchaser for value all of the debtor's rights therein, discharges the security interest under which it is made and any security interest or lien subordinate thereto. The purchaser takes free of all such rights and interests even though the secured party fails to comply with the requirements of this Part or of any judicial proceedings: ...

Upon the bank's sale of the open account, which was pledged by Clifton's as collateral, the statute operated to extinguish all of Clifton's rights to the collateral and transferred those rights to the plaintiff, a purchaser for value; the Code also conferred on plaintiff the right to sue the defendant on the account. *See* T.C.A., § 47-1-201(34), (36).

Defendant argues that while the cited code section, "discharges the security interest ... and any security interest or lien subordinate thereto", the provision does not speak to defendant's equitable right of set-off. This provision, however, evinces an intent to protect innocent purchasers against all outstanding claims on collateral purchased at a foreclosure sale.

Essential to establishing a right of set-off, are the requirements that the demands be mutual and subsisting between the same parties and that the demands be of the same grade and nature or be due in the same capacity or right. *Edington v. Pickle*, 33 Tenn. (1 Sneed) 122 (1853); 80 C.J.S., *Set-off and Counterclaim*, § 48(a)(2). In the instant case, plaintiff's status is that of an innocent, good faith purchaser for value of collateral at a foreclosure sale, while defendant asserts set-off rights only in its capacity as a creditor of Clifton's on an open account. Since the statute transferred all of Clifton's rights to the plaintiff, the demands are thus not of the "same grade or nature" or asserted in the same capacity or right. Absent mutuality, defendant established no basis for equitable relief. Moreover, "setoff will not be allowed where it will work injustice, or where to allow it would impair or destroy the equities of third persons." 20 Am. Jur.2d, *Counterclaim, Recoupment, Etc.*, § 25, p. 247.

For the foregoing reasons, the judgment of the trial court is affirmed and the cause remanded at defendant's cost.

SANDERS and GODDARD, JJ., concur.