IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 3, 2020 Session

## SUN, AIR, WATER & LAND, INC. v. HAROLD M. "JACK" REYNOLDS

**Appeal from the Circuit Court for Sequatchie County**
**No. 16-CV-40      Jeffrey M. Atherton, Chancellor**

_____

**No. M2019-01581-COA-R3-CV**
_____

The holder of a promissory note sued the maker. On a motion for summary judgment, the trial court granted the holder a judgment for the outstanding balance of the note plus interest. On appeal, the maker contends that the holder's claim is barred by the doctrine of laches. If the claim is not barred, the maker argues that he is entitled to a set-off. We agree with the holder that the maker waived his laches argument. And the maker's set-off claim fails for lack of mutuality. So we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., joined. RICHARD H. DINKINS, J., not participating.

Clancy J. Covert, Keith H. Grant, and Philip Aaron Wells, Chattanooga, Tennessee, for the appellant, Harold M. "Jack" Reynolds.

Edward A. Hadley and Brigham A. Dixson, Nashville, Tennessee, for the appellee, Sun, Air, Water & Land, Inc.

## OPINION

### I.

On December 31, 1999, Harold M. "Jack" Reynolds signed a promissory note payable to Sun, Air, Water & Land, Inc. ("SAWL") for $200,000. Later Mr. Reynolds signed an agreement, which was entitled "Novation," granting SAWL "full rights to enforce the terms and conditions [of the promissory note] until September 6, 2020."

On March 4, 2016, SAWL sued Mr. Reynolds claiming that he had not made any payments under the promissory note. Mr. Reynolds answered, denying the allegations of lack of payment and asserting three affirmative defenses: "accord and satisfaction," "statute of limitations," and "laches."

SAWL moved for summary judgment. Mr. Reynolds responded that "material issues exist[ed] with respect to the initial Promissory Note as well as the Novation and/or Renewal Note." According to Mr. Reynolds, the material issues related to farm property purchased by the president and sole shareholder of SAWL, Dr. George R. Dixson, before Mr. Reynolds signed the note. Dr. Dixson purchased the farm property from Mr. Reynolds's then wife. But both of the Reynoldses retained a life estate on the property, where they maintained their home.

Mr. Reynolds claimed that part of the consideration for the purchase was the loan from SAWL and that the borrowed funds were to be used to improve the property. As for the Novation, Mr. Reynolds claimed that he signed the agreement after expiration of the statute of limitation for a suit on the promissory note. According to Mr. Reynolds, he signed only upon Dr. Dixson's assurances (1) that Mr. Reynolds would retain his life estate, (2) that the note would not bear interest, (3) that the note would not be due until Mr. Reynolds had sold another property, and (4) that the loan payment "would be used and/or spent on upgrading the farm for the benefit of both Dr. Dixson and Mr. Reynolds." So he argued that "[t]he issue of the life estate, no interest being paid on the Note as well as the use of the $200,000.00 to benefit the Plaintiff/Dr. Dixson as well as the Defendant, [we]re questions that should be resolved by the trier of fact."

In response to SAWL's statement of undisputed material facts, Mr. Reynolds denied that he had failed to make any payments on the promissory note. He claimed that he had performed work for Dr. Dixson that was to be credited against the balance of the promissory note. Mr. Reynolds also claimed that he had been provided with an IRS form 1099 from Dr. Dixson reflecting payments on the loan and that the loan had been cancelled.[1] Despite these denials, Mr. Reynolds admitted for purposes of summary judgment the outstanding balance due under the loan and the daily interest accrual on the outstanding balance. *See* Tenn. R. Civ. P. 56.03 (permitting a party opposing summary judgment to "agree[] that the fact is undisputed for the purposes of ruling on the motion for summary judgment only").

The court granted SAWL summary judgment in the amount of the admitted balance of the note. In its ruling, the court referenced an argument by Mr. Reynolds "that extraneous agreements throughout the history of his and non-party George Dixson's relationship . . . should serve to alter the balance due under the Promissory Note . . . ."

---

[1] Although he was given an opportunity to do so by the court, Mr. Reynolds never produced copies of the 1099s he claimed to have received from Dr. Dixson.

But the court concluded that the evidence of such agreements would be inadmissible to challenge the validity, enforceability, or outstanding balance due under the note.

Although it granted summary judgment, the court did not enter a final judgment. The court noted that Mr. Reynolds had recently filed a separate suit against both SAWL and Dr. Dixson. Mr. Reynolds claimed his suit and that filed by SAWL on the promissory note were "inextricably intertwined" and should be consolidated. So the court reserved entry of the final judgment "pending the Court's satisfaction that there are no issues in that separate matter that will affect what is due and owing under the Promissory Note . . . and that there have been no separate enforceable agreements to change the form of payment under said Promissory Note."

Approximately one year later, over the objection of Mr. Reynolds, the court entered its final judgment. The court awarded SAWL a judgment of $1,851,277.17 plus interest of $608.64 per day from July 11, 2019.

## II.

A trial court's decision on a motion for summary judgment enjoys no presumption of correctness on appeal. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). We review the summary judgment decision as a question of law. *Martin*, 271 S.W.3d at 84; *Blair*, 130 S.W.3d at 763. So we review the record de novo and make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. *Eadie v. Complete Co.*, 142 S.W.3d 288, 291 (Tenn. 2004); *Blair*, 130 S.W.3d at 763.

Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The party moving for summary judgment has "the burden of persuading the court that no genuine and material factual issues exist and that it is, therefore, entitled to judgment as a matter of law." *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). When the moving party bears the burden of proof at trial, "that party must produce at the summary judgment stage evidence that, if uncontroverted at trial, would entitle it to a directed verdict." *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 888 (Tenn. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)).

If the moving party satisfies its burden, "the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial." *Byrd*, 847 S.W.2d at 211; *see TWB Architects*, 578 S.W.3d at 888. A fact is "material" if it "must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd*, 847 S.W.2d at 211. To determine

whether there is a "genuine issue" as to a material fact, the test is "whether a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.* at 215. In reviewing the record, we "must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Id.* at 210-11.

We conclude that SAWL satisfied its burden on summary judgment. "In an action to collect a debt, the plaintiff creditor bears the burden of proving the existence of the debt and that the debtor is indebted to the creditor in a certain amount." *LVNV Funding, LLC v. Mastaw*, No. M2011-00990-COA-R3-CV, 2012 WL 1534785, at *5 (Tenn. Ct. App. Apr. 30, 2012). Mr. Reynolds admitted that he signed both the promissory note and the "Novation."[2] Mr. Reynolds also admitted for the purposes of summary judgment the amount of the debt. Although Mr. Reynolds claims that there was a dispute as to whether he made any payments on the note, given his admission of the balance due, his dispute over his payment history was not material. *See Byrd*, 847 S.W.2d at 211. By the terms of the promissory note, payment was due.

### A.

On appeal, Mr. Reynolds makes three arguments as to why summary judgment was improper. First, he argues that he was due a set-off against the amounts due under the promissory note for "the considerable work he did on behalf of [SAWL] and Dr. Dixson, which Dr. Dixson acknowledged." Second, he argues that the doctrine of laches should bar SAWL's claim. Finally, he argues that the trial court erred by not staying proceedings in this case while his separate lawsuit against SAWL and Dr. Dixson was pending.

Because it would serve to bar SAWL's claim, we address the laches issue first. *See Carpenter v. Wright*, 13 S.W.2d 51, 55 (Tenn. 1929). The parties agree that a showing of gross laches would be required because there is an applicable statute of limitations. *See Gleason v. Gleason*, 164 S.W.3d 588, 592 (Tenn. Ct. App. 2004); *Dennis Joslin Co. v. Johnson*, 138 S.W.3d 197, 201 (Tenn. Ct. App. 2003). But the parties disagree whether the defense of laches was properly raised below. Because the issue was not raised in response to the motion for summary judgment, SAWL contends that the issue is waived.

If a party fails to first present an argument in the trial court before presenting the argument on appeal, the party has waived that argument. *See, e.g.*, *Schneider v. City of*

---

[2] Although the trial court and parties referred to the "Novation" as a "renewal note," the "Novation" did nothing more than extend the statute of limitations for enforcement of the note. The parties could extend the statute of limitations by agreement. *See Jackson v. Kemp*, 365 S.W.2d 437, 439 (Tenn. 1963) (recognizing "a statute of limitations may be waived by express contract").

*Jackson*, 226 S.W.3d 332, 344 n.16 (Tenn. 2007); *Taylor v. Beard*, 104 S.W.3d 507, 511 (Tenn. 2003); *In re Marr*, 194 S.W.3d 490, 497 (Tenn. Ct. App. 2005); *Goodman v. City of Savannah*, 148 S.W.3d 88, 93 (Tenn. Ct. App. 2003) (citing Tenn. R. App. P. 36(a)). Here, Mr. Reynolds pleaded the affirmative defense of laches in his answer to SAWL's complaint. But Mr. Reynolds did not reference laches in his response to SAWL's motion for summary judgment. In his filing in opposition to summary judgment, he also made no mention of unreasonable delay by SAWL in bringing suit. *See John P. Saad & Sons, Inc. v. Nashville Thermal Transfer Corp.*, 715 S.W.2d 41, 46 (Tenn. 1986) (recognizing a "long and unreasonable acquiescence in adverse rights" as a requirement for gross laches (quoting *Ledford v. Lee*, 200 S.W.2d 393, 398 (Tenn. Ct. App. 1946))). And the trial court, in its order granting summary judgment to SAWL, did not address laches.

We agree with SAWL that Mr. Reynolds waived his laches argument. Although he acknowledges that the specific term "laches" was not used in response to the motion for summary judgment, Mr. Reynolds contends that "considerable evidence was put before the Court to show a genuine issue of material fact regarding whether Plaintiff simply sat on its rights until it was too late for Mr. Reynolds to pursue his separate claims." But the record does not support this contention. The record includes no evidence of how the timing of SAWL's suit impacted or injured Mr. Reynolds. *See In re Darwin's Estate*, 503 S.W.2d 511, 514 (Tenn. 1973) (holding that laches requires a showing of injury as a result of delay).

B.

SAWL also contends that Mr. Reynolds waived his set-off argument. Mr. Reynolds made no mention of "set-off," "offset," or the like in his response to SAWL's motion for summary judgment. But unlike laches, the court did reference Mr. Reynolds's argument that "extraneous agreements throughout the history of his and non-party George Dixson's relationship . . . should serve to alter the balance due under the Promissory Note . . . ." And SAWL concedes that the set-off argument was raised at the summary judgment hearing, albeit only "in passing." Under these circumstances, we find it appropriate to reach the merits of Mr. Reynolds's set-off argument.

The doctrine of set-off "applies only to mutual debts." *Julian Eng'g Co. v. R. J. & C. W. Fletcher, Inc.*, 253 S.W.2d 743, 744 (Tenn. 1952); *see Helms v. Citizens Bank of Erwin*, 97 S.W.2d 665, 667 (Tenn. Ct. App. 1936) ("The cardinal principle in the rule of equitable set-off is mutuality of claims . . . ."). Mutuality of debts requires "that the demands be . . . subsisting between the same parties and that the demands be of the same grade and nature or be due in the same capacity or right." *Auton's Fine Jewelry & Bridal Ctr., Inc. v. Beckner's, Inc.*, 707 S.W.2d 539, 540 (Tenn. Ct. App. 1986) (citing *Edington v. Pickle*, 33 Tenn. (1 Sneed) 122, 124 (1853)); *see Huggins v. McKee*, 403 S.W.3d 781, 786 (Tenn. Ct. App. 2012).

Because the mutuality requirement is unsatisfied here, Mr. Reynolds was not entitled to a set-off. Mr. Reynolds referred to work he had performed on behalf of Dr. Dixson and work on the property owned by Dr. Dixson. While Mr. Reynolds refers to SAWL and Dr. Dixson interchangeably, SAWL and Dr. Dixson are not the "same parties" for purposes of mutuality. *See Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 650 (Tenn. 2009) ("A corporation is a distinct legal entity that exists separately from its shareholders, officers, and directors."). Mr. Reynolds cannot set-off amounts allegedly owed by Dr. Dixson against amounts Mr. Reynolds owed to SAWL.

### C.

Mr. Reynolds argues, lastly, that the trial court erred by not staying proceedings in this case while his separate lawsuit against SAWL and Dr. Dixson was pending. "[Q]uestions of stay or continuance are matters entrusted to the sound discretion of the trial judge." *Sanjines v. Ortwein & Assocs., P.C.*, 984 S.W.2d 907, 909 (Tenn. 1998). So we do not "interfere with the trial court's decision unless such decision constitutes an abuse of discretion and causes prejudice to the party seeking the stay or continuance." *Id.*

Here, we discern no abuse of discretion. The trial court reserved entry of final judgment for the exact reason Mr. Reynolds sought a stay: to see if there would be a determination in the separate lawsuit that would impact the amount Mr. Reynolds owed SAWL. The trial court entered final judgment only after Mr. Reynolds's claims in the separate lawsuit were dismissed.

### III.

SAWL produced evidence that, if uncontroverted at trial, would have entitled it to a directed verdict on its claim. And in response, Mr. Reynolds failed to demonstrate that there was a genuine, material fact dispute to warrant a trial. So we affirm the grant of summary judgment.

_____
W. NEAL MCBRAYER, JUDGE

6